**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JIANGCHUAN LIU,

Civil Action No. 2:26-cv-01516-MJH

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

______________________________/

**MOTION FOR LEAVE TO APPEAR REMOTELY AT THE NOVEMBER 10, 2026 SHOW CAUSE HEARING**

Defendant Asee'm (Amazon Seller ID: A2F7YH7Y3P4V4O), appearing specially and without waiving any defense as to personal jurisdiction, service, or the merits, respectfully moves the Court for leave for undersigned counsel to appear remotely (by video conference or telephone) at the Order to Show Cause hearing set for November 10, 2026, at 11:00 a.m. in Courtroom 8A before the Honorable Marilyn J. Horan. In support, Defendant states as follows:

## I. RELIEF SOUGHT AND CONFERRAL

Pursuant to this Court's Standing Order and Procedures on Civil Motion Practice and the Court's inherent authority to manage its docket and hearings, Defendant requests that counsel be permitted to appear remotely at the November 10, 2026 hearing.

Undersigned counsel has conferred with counsel for Plaintiff regarding this request. Plaintiff takes no position. The parties have discussed their positions relative to the relief sought.

## II. GROUNDS

**A. Travel Imposes Substantial Prejudice on a Small Overseas Business**

Defendant is a small business operating from China. Undersigned counsel is located in Palmetto Bay, Florida. In-person attendance at a hearing in Pittsburgh typically requires a two-day round trip (airfare, lodging, ground transportation, and lost time). The cost of such travel is substantial relative to the size of Defendant's operations and the amount potentially at issue as to this single Schedule "A" alias.

Imposing that cost as a condition of being heard on the limited issues of design-patent validity would work a practical prejudice and would not serve the interests of justice. Remote appearance by video (or telephone) fully protects the Court's ability to hear argument while avoiding unnecessary expense. Courts routinely grant remote appearances for out-of-district or out-of-state counsel in non-evidentiary or limited hearings, particularly where the issues are legal or can be presented with documentary or video prior art.

**B. The Travel Cost Is Disproportionate As the Asserted Design Patent Is Invalid for Lack of Novelty**

If Plaintiff genuinely asserted a colorable claim, the cost spent by Deferent on the preliminary injunctive relief may be justified. However, that is not the case here.

Plaintiff asserts U.S. Design Patent No. D1,021,425 S (the '"425 Patent"), filed April 25, 2023, directed to a wall panel / gridwall display stand. Prior art discloses the same or substantially the same ornamental design well before the filing date:

- A substantially identical design was publicly available on YouTube on or about October 20, 2022 (https://www.youtube.com/watch?v=Uwg4R62yju4). See Figure 1 in the middle.

- A similar arched gridwall / display panel design was publicly available on or about June 2, 2015 (https://www.youtube.com/watch?v=5J2Guw2ehrI). See Figure 1 at the right.




**Figure 1: Comparison of Plaintiff's Alleged Patent (left) and Prior Arts (middle and right)**

These references anticipate the claimed design under 35 U.S.C. § 102 and render the '425 Patent invalid. At the show-cause stage, the Court is asked to determine whether Plaintiff has demonstrated a likelihood of success on the merits of its infringement claim. Invalidity is a complete defense and is properly raised now. Counsel can effectively present the prior-art comparison (including screen captures or short video excerpts if the Court permits) remotely; physical presence in Pittsburgh is not required for this analysis

In fact, Defendant has its own patent US D1,080,730 S with different design (attached as Exhibit A herein) with products matching its own design as follows:




**Figure 2: Defendant's Own Patent Design and Product (left)**

Thus, by factoring functional part, no infringement ever occurred, however, Defendant has to spend hefty money (when converting USD to Chinese currency) in defending it at this stage.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant leave for undersigned counsel to appear remotely at the November 10, 2026 show-cause hearing. Counsel will be available at the appointed time, will have all necessary materials (including the prior-art YouTube references and any comparison exhibits), and will comply with any technical or procedural instructions the Court provides.

Dated: October 16, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.

Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, Florida 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant Asee'm

**CERTIFICATE OF SERVICE**

I hereby certify that on Oct. 16, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu
Jianyin Liu, Esq.