**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JIANGCHUAN LIU,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Action No. 2:26-cv-01516-MJH

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Defendant Asee'm (Amazon Seller ID: A2F7YH7Y3P4V4O) ("Defendant"), appearing specially and without waiving any defense as to personal jurisdiction, service of process, or the merits, respectfully submits this Response in Opposition to Plaintiff's Motion for Preliminary Injunction and in response to the Court's Order to Show Cause Why a Preliminary Injunction Should Not Issue. For the reasons set forth below, a preliminary injunction should not issue against this Defendant.

## I. PRELIMINARY STATEMENT

Plaintiff seeks a preliminary injunction based on alleged infringement of U.S. Design Patent No. D1,021,425 S (the "'425 Patent"). The request fails as to this Defendant for two independent reasons. First, the Complaint does not plead facts sufficient to establish personal jurisdiction over this specific overseas seller. Second, the '425 Patent is invalid for lack of novelty in light of prior art that publicly disclosed the same ornamental design years before the

patent's April 25, 2023 filing date. Plaintiff cannot demonstrate a likelihood of success on the merits, and the balance of equities and public interest weigh against an injunction directed at this Defendant.

## II. THE COMPLAINT FAILS TO PLEAD PERSONAL JURISDICTION AS TO THIS DEFENDANT

A preliminary injunction may not issue against a party over whom the Court lacks personal jurisdiction. Plaintiff's Complaint is a typical Schedule "A" filing that names numerous seller aliases and relies on generalized allegations of online sales into the United States. It does not contain defendant-specific factual allegations establishing that this particular Defendant purposefully availed itself of the privilege of conducting activities in Pennsylvania or the Western District of Pennsylvania, or that the exercise of jurisdiction would comport with due process.

Absent specific allegations of purposeful direction of activity into this forum by this Defendant—such as targeted sales, advertising, or other contacts—the Complaint fails to make even a prima facie showing of personal jurisdiction. See Bristol-Myers Squibb Co. v. Superior Court of Cal., 582 U.S. 255 (2017); Fed. R. Civ. P. 12(b)(2). Because Plaintiff has not established jurisdiction as to this Defendant, the Court should not enter a preliminary injunction against it.

## III. PLAINTIFF CANNOT SHOW A LIKELIHOOD OF SUCCESS ON THE MERITS BECAUSE THE '425 PATENT IS INVALID

### A. <u>`425 Patent Was Identical or Anticipated by Prior Arts.</u>

To obtain a preliminary injunction in a patent case, the patentee must demonstrate a likelihood of success on the merits, which includes a likelihood of overcoming an invalidity challenge. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Here, the ’425 Patent, directed to an ornamental design for a wall panel / gridwall display stand, is anticipated by prior art.

The ’425 Patent was filed on April 25, 2023. Prior art discloses the same or substantially the same design well before that date (see Figure 1 below for comparison):

- A substantially identical arched gridwall / display panel design was publicly available on YouTube on or about October 20, 2022 (https://www.youtube.com/watch?v=Uwg4R62yju4).
- A similar design was publicly available on YouTube on or about June 2, 2015 (https://www.youtube.com/watch?v=5J2Guw2ehrI)




**Figure 1: Comparison of Plaintiff’s Alleged Patent (left) and Prior Arts (middle and right)**

These references anticipate the claimed design under 35 U.S.C. § 102. The ordinary observer, familiar with the prior art, would find the claimed design and the prior-art designs

substantially the same. Because the patent is invalid for lack of novelty, Plaintiff cannot establish a likelihood of success on the merits of its infringement claim against this Defendant.

**B. <u>Defendant's Products Are Different And Protected by Its Own Patent.</u>**

In fact. Defendant has its own patent US D1,080,730 S (attached as Exhibit A herein) with different products as follows in Figure 2:




**Figure 2: Defendant's Own Patent Design (left) and Matching Product (right)**

Even if the '425 Patent were valid, Plaintiff still cannot show a likelihood of success on infringement. Defendant's accused gridwall display stands are not substantially the same as the ornamental design claimed in the '425 Patent under the ordinary-observer test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).

Defendant's products embody the design protected by U.S. Design Patent No. D1,080,730 S (attached as Exhibit A). That patent, titled "Gridwall Panels Display Stand,"

claims an ornamental design featuring a distinctly rounded / oval arched top on the gridwall panel, mounted on a wheeled base. See Exhibit A (figures). The USPTO issued the ’730 Patent after examining the application against the prior art, including references that depict conventional rectangular gridwall / shelf panels. The grant of the ’730 Patent confirms that the USPTO recognized the novelty and ornamental distinctiveness of the arched-top design over those earlier rectangular configurations.

An ordinary observer, familiar with the prior art (including rectangular gridwall panels and the designs disclosed in the references cited during prosecution of the ’730 Patent), would readily distinguish Defendant’s arched-top products from the design claimed in the ’425 Patent. The overall visual impression created by the rounded arch at the top of the panel is a prominent and distinguishing feature that is absent from (or not claimed in) the ’425 Patent. Because the designs are not substantially the same, there is no likelihood of success on the merits of Plaintiff’s infringement claim against this Defendant

**IV. THE REMAINING FACTORS WEIGH AGAINST AN INJUNCTION AS TO THIS DEFENDANT**

Even if the Court were to reach the remaining preliminary-injunction factors, they do not favor relief against this Defendant. Defendant is a small business operating from China. Any injunction would impose costs and operational burdens disproportionate to the limited commercial activity, if any, associated with this particular seller alias. The public interest is served by avoiding enforcement of an invalid patent and by requiring a plaintiff to establish jurisdiction and validity before obtaining broad equitable relief in a multi-defendant Schedule “A” action.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's request for a preliminary injunction as to this Defendant and discharge the Order to Show Cause as to this Defendant.

Dated: October 17, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th Street
Palmetto Bay, Florida 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant Asee'm

**CERTIFICATE OF SERVICE**

I hereby certify that on Oct. 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu
Jianyin Liu, Esq.