**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIANGCHUAN LIU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:26-cv-01516-MJH<br><br>Judge Marilyn J. Horan |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTIONAND TO THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Defendants CHOEZON DIRECT (Schedule A No. 3) and ZZM Direct (Schedule A No. 18) ("Defendants"), through undersigned counsel, respond to Plaintiff's Ex Parte Motion (ECF No. 10) and the Court's Order to Show Cause (ECF No. 28 § II), and state as follows:

1. Plaintiff seeks to convert the Temporary Restraining Order entered without notice on October 8, 2026 (ECF No. 28) ("TRO") into a preliminary injunction against Defendants based on U.S. Design Patent Nos. D1,021,425 and D1,058,187. Defendants oppose.

2. Plaintiff is not likely to succeed on the merits. Chinese Design Patent CN 307952922 S, published April 7, 2023, and a YouTube video posted October 19, 2022 each anticipate U.S. Design Patent No. D1,058,187 and render it obvious, and U.S. Design Patent No. D1,021,425 is obvious over CN 307952922 S in view of Korean Design Registration No. 30-0393794 (or Japanese Design Registration No. 1692181) and Chinese Design Patent CN 3557805 D. These references raise substantial questions of validity.

3. Plaintiff has not shown that either Defendant's product is likely to infringe. Plaintiff offered no defendant-specific comparison, and Defendants' products differ in overall appearance from the claimed designs.

4. Plaintiff has not shown irreparable harm. His declaration contains no sales, market, or customer evidence; his delay in suing belies urgency; and any injury is compensable in money.

5. The balance of hardships and the public interest weigh against an injunction.

6. The TRO exceeded the fourteen-day limit of Fed. R. Civ. P. 65(b)(2) on October 22, 2026, without a good-cause extension or Defendants' consent; the restraint on Defendants' funds is barred by *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999); Defendants are misjoined under 35 U.S.C. § 299; and the $5,000 bond is inadequate under Fed. R. Civ. P. 65(c).

7. The grounds for this Response are set forth in the accompanying Brief in Opposition, its Exhibits 1–13, all filed herewith and incorporated by reference.

8. Defendants appear to oppose the requested injunction and do not waive, and expressly preserve, all defenses under Fed. R. Civ. P. 12(b), including lack of personal jurisdiction, insufficient service of process, and misjoinder.

WHEREFORE, Defendants respectfully request that the Court enter the attached proposed order (a) declining to enter a preliminary injunction against them; (b) dissolving the TRO as to them and directing Plaintiff, within two business days, to notify Amazon and all other recipients of the TRO that the restraints are lifted; and (c) in the alternative, limiting any restraint to the accused ASINs and their proceeds and increasing the bond.

Dated: October 26, 2026

Respectfully submitted,

/s/ Li Liu
Li Liu (CA 362408)
Admitted pro hac vice
LAW OFFICE OF LI LIU
453 S Spring St, Ste 400, PMB 1502
Los Angeles, CA 90013
Telephone: (213) 685-2164
Facsimile: None
Email: sharonliu@slcrossborderlaw.com

*Counsel for Defendants CHOEZON DIRECT and ZZM Direct*

**CERTIFICATE OF SERVICE**

I hereby certify that on Oct. 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Li Liu

Li Liu, Esq