**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIANGCHUAN LIU, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:26-cv-01516-MJH |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| SCHEDULE A DEFENDANTS, | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTIONAND TO THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Defendants CHOEZON DIRECT (Schedule A No. 3) and ZZM Direct (Schedule A No. 18) ("Defendants") submit this brief in opposition to Plaintiff's request for a preliminary injunction (ECF No. 10) and in response to the Court's October 8, 2026 Order to Show Cause (ECF No. 28 ("TRO") § II).[1]

## INTRODUCTION

Plaintiff asks the Court to convert an ex parte TRO into a preliminary injunction against two Amazon sellers based on two design patents for a rolling gridwall display stand, a fixture that retailers and craft-fair vendors have used for decades. He has carried his burden on neither gateway factor.

*First*, both patents face substantial questions of validity. U.S. Patent No. D1,058,187 (the "'187 Patent") disclaims the entire panel and claims only a base. A Chinese design registration published April 7, 2023, eighteen days before Plaintiff's earliest filing date, shows the same base, as does a video posted online six months earlier. U.S. Patent No. D1,021,425 (the "'425 Patent")

[1]Defendants appear to oppose the requested injunction and do not waive, and expressly preserve, all defenses under Fed. R. Civ. P. 12(b), including lack of personal jurisdiction, insufficient service of process, and misjoinder under 35 U.S.C. § 299.

claims that same base with casters beneath a rectangular frame. The same registration shows all of it except the frame's square corners, taller proportion, and central upright, which earlier gridwall stands and screens supply. The examiner considered none of this art. *Second*, Plaintiff never compared either Defendant's product to either patent, and side by side they look different. *Third*, Plaintiff offers no evidence of irreparable harm, only a five-page declaration borrowing the vocabulary of trademark counterfeiting. The Federal Circuit recently affirmed this District's rejection of an equivalent showing. *Jacki Easlick, LLC v. CJ Emerald*, Nos. 2024-1538, -1826, slip op. at 9–11 (Fed. Cir. Aug. 14, 2026) (nonprecedential). *Finally*, the TRO has outlived Rule 65(b)(2), its asset restraint lacks a legal basis, and its $5,000 bond is inadequate.

## BACKGROUND

### A. The Patents-in-Suit

The '425 Patent issued April 9, 2024 from an application filed April 25, 2023. Its solid lines claim a tall rectangular frame divided by a narrow central upright; two short posts at the frame's lower sides, each meeting a solid, quasi-triangular plate gusset on a square-tube foot bar; and four swivel casters. The grid is drawn in broken lines and disclaimed. (Ex. 7, FIGS. 1–11.) The '187 Patent, a continuation filed March 5, 2024 and issued January 21, 2025, disclaims the panel, upper frame, grid, and casters, leaving only two short posts, a rail joining their lower ends, a solid, quasi-triangular plate gusset at the foot of each post, and a foot bar under each post. (Ex. 8, FIGS. 1–6.)[2]

### B. The Prior Art

None of the following references was before the examiner: Chinese Design Patent CN 307952922 S ("CN '922"), a movable floor screen published April 7, 2023 (Ex. 2); U.S. Patent

[2]Exhibits cited as "Ex." are attached to the Counsel Declaration. Citations to "ECF No." are to this Court's docket, with page and paragraph references to the filed documents.

No. D736,548 ("Hornsby"), a rolling garment rail issued in 2015 (Ex. 3); U.S. Patent No. D842,632 ("Fenimore"), a panel display stand issued in 2019 (Ex. 4); Korean Design Registration No. 30-0393794 ("KR '794"), a gridwall product display stand published in 2005 (Ex. 5); Chinese Design Patent CN 3557805 D ("CN '805"), a freestanding metal grid screen published in 2006 (Ex. 6); and Japanese Design Registration No. 1692181 ("JP '181"), a free-standing partition screen published August 10, 2021 (Ex. 13). Exhibit 1 is a YouTube video (video ID Uwg4R62yju4), posted October 19, 2022, showing a black metal gridwall panel standing between two short posts on wheeled T-shaped feet with plate gussets. Side-by-side comparisons appear in Exhibit 11.

### C. The Accused Products and the TRO

CHOEZON DIRECT sells a gridwall display stand under ASINs B0DB4BGX2Q, B0DS36VV3R, B0DS42TBVJ, and B0DS4HDYX7. ZZM Direct sells a gridwall display stand under ASIN B0DRYDBRZW. The listings have been public since Nov. 13 and February 2025, respectively. On October 8, 2026, the Court entered the TRO without notice and continued it to the November 10, 2026 show-cause hearing. (ECF No. 28 §§ I.A.9, II.A.) The Court declined Plaintiff's proposed fund-freeze provisions and his proposed finding that Pennsylvania law permits a prejudgment asset restraint. (*Compare* ECF No. 10-1 at 4 ¶ 8, ¶¶ I.A.7–9, I.A.12, *with* ECF No. 28 § I.) Amazon nonetheless suspended Defendants' storefronts and restrained their accounts.See Ex. 10.

## LEGAL STANDARD

A preliminary injunction requires "a clear showing" of entitlement. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must first establish likelihood of success and irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Federal

Circuit law governs the patent-specific questions. *Easlick*, slip op. at 3–4. If the accused infringer raises a substantial question of validity or infringement, no injunction should issue unless the patentee shows the defense "lacks substantial merit." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377–79 (Fed. Cir. 2009). The ex parte TRO does not constrain that analysis. *Easlick*, slip op. at 10.

## ARGUMENT

### I. BOTH PATENTS FACE SUBSTANTIAL QUESTIONS OF VALIDITY

A prior design anticipates if an ordinary observer would regard it as substantially the same as the claimed design. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009). Obviousness is judged from the view of an ordinary designer under the flexible *Graham* framework; the primary reference need not be "basically the same," and designs from the same field of endeavor are analogous art. *LKQ Corp. v. GM Global Tech. Operations LLC*, 102 F.4th 1280, 1295–1300 (Fed. Cir. 2024) (en banc). Functional features, such as casters for mobility, feet and gussets for stability, and a grid for hanging goods, carry no ornamental weight. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

#### A. CN '922 and the 2022 Video Each Anticipate, and Render Obvious, the '187 Patent

CN '922 was published April 7, 2023, before the '187 Patent's earliest claimed date of April 25, 2023, by an unrelated Foshan furniture maker. It is prior art under 35 U.S.C. § 102(a)(1), and no § 102(b)(1) exception applies. It shows each element of the claimed base (Ex. 11, Chart 1): two short posts flanking the lower part of the panel and rising about a quarter of its height (front and rear views); a rail spanning between the posts beneath the panel (front and perspective views); each post widening into a tapered support where it meets the foot (left and

right views); and a straight foot bar perpendicular to the panel under each post, producing an H-shaped footprint (top and bottom views). CN '922's rounded panel, cane infill, and casters are irrelevant because the '187 Patent disclaims the panel and casters. If Plaintiff relies on small differences in proportion or member thickness, those differences cut equally against infringement: "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889).

The YouTube video posted October 19, 2022, six months before Plaintiff's earliest filing date, independently anticipates. It shows the claimed base built in black steel beneath a gridwall panel: two short posts flanking the lower part of the panel, a rail spanning between them, a flat plate gusset where each post meets its foot, and a straight foot bar perpendicular to the panel under each post. (Ex. 1; Ex. 11, Chart 1A.) A video posted publicly online is a disclosure "otherwise available to the public." 35 U.S.C. § 102(a)(1). The exception for an inventor's own disclosure, § 102(b)(1)(A), does not apply: Plaintiff dates his own design work to 2023 and 2024 (ECF No. 10-2 ¶ 3), after the video was posted.

At a minimum, the design would have been obvious. CN '922's tapered supports already present the same quasi-triangular profile as the claimed gussets. (Ex. 11, Chart 1.) To the extent the Court sees a difference because the claimed gussets are flat plates, the video and Fenimore show flat plate supports. (Ex. 11, Chart 1A; Ex. 4, FIG. 2.) *LKQ*, 102 F.4th at 1299–1300.

**B. The '425 Patent Is Obvious Over CN '922 in View of KR '794 and CN '805**

CN '922 also predates the '425 Patent's April 25, 2023 filing date, and it is the closest reference. View by view, it shows the claimed configuration: a framed panel standing on a bottom rail between two short posts; each post meeting a tapered support on a straight foot bar; a caster at each end of each foot bar; and an H-shaped footprint. (Ex. 11, Chart 2A.) Because the

'425 Patent disclaims the grid, the differences lie only in the frame: CN '922's top corners are rounded rather than square; it is shorter, roughly 1.7:1 in overall height to width rather than about 2.7:1; and it lacks the narrow central upright that divides the claimed frame into two fields. (*Id.*)

An ordinary designer would have made each change, and each is supplied by one reference. KR '794, a gridwall product display stand, shows the square-cornered rectangular gridwall frame. So does JP '181, a partition screen published in 2021, whose tall, square-cornered frame stands on front-to-back feet braced by triangles. (Ex. 13; Ex. 11, Chart 3.) CN '805, a freestanding metal grid screen in the '425 Patent's own Locarno class (06-06), shows a tall, narrow proportion of roughly 2.6:1 and a grid field divided by full-height vertical uprights. (Ex. 11, Chart 2B.) A designer adapting CN '922's movable screen to display merchandise had every reason to adopt the standard square-cornered gridwall frame, to make the panel taller to hold more goods in the same floor space, and to divide the field with an upright as CN '805 does. The result has the same overall appearance as the claimed design. (Ex. 11, Chart 2C.) The October 19, 2022 video confirms that tall black gridwall panels on wheeled, gusseted T-feet were publicly known before the filing date. (Ex. 1; Ex. 11, Supp. Chart S.) Each reference comes from the same field of endeavor, and the examiner considered none of them. *LKQ*, 102 F.4th at 1297–1300; *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 110–11 (2011). Plaintiff cannot show that this defense lacks substantial merit.

## II. PLAINTIFF HAS NOT SHOWN LIKELY INFRINGEMENT

Infringement asks whether an ordinary observer, familiar with the prior art, would be deceived into purchasing the accused product believing it to be the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 678 (Fed. Cir. 2008) (en banc). In a crowded field, small differences matter. *Id.* at 676. Plaintiff offers no defendant-specific comparison, only

his opinion that "each" Defendant's product infringes (ECF No. 10-2 ¶ 12) and his counsel's statement that he "or someone acting under [his] direction" reviewed the listings (ECF No. 10-3 ¶ 8). The two declarations do not even agree on what Exhibit C contains (*compare* ECF No. 10-2 ¶ 12, *with* ECF No. 10-3 ¶ 7), and Schedule A lists one seller and ASIN twice (ECF No. 28 at 12–13, Nos. 16, 27).

Defendants' products look different. (Ex. 12.) CHOEZON's product is crowned by an arched wooden header panel that dominates its front view and appears in neither patent. Its frame has no central upright, and each side of its base is an open triangle of tubing joined to a full-height upright, the bracing KR '794 and JP '181 showed in 2005 and 2021 (Exs. 5, 13), rather than a solid plate gusset on a short post. ZZM's product divides its grid with three horizontal rods joined by round connectors, and each side of its base is an open loop of bent round tubing rather than a solid plate gusset on a square-tube foot bar. Because the features the products share with the patents (a frame, a grid, T-feet, casters) are old and functional, these differences are what an ordinary observer would notice. Plaintiff cannot have it both ways: if the '187 Patent's base is broad enough to cover Defendants' open tubular bases, it also covers JP '181's open-braced base and is invalid; if it is limited to a solid plate gusset on a short post, Defendants do not infringe. For the '187 Patent, which claims only the base, Defendants' bases differ in the respects shown in Exhibit 12, Chart 2.

## III. PLAINTIFF HAS NOT SHOWN IRREPARABLE HARM

Irreparable harm is not presumed. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–94 (2006); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1148–49 (Fed. Cir. 2011). Plaintiff must show harm and "a sufficiently strong causal nexus" to the infringement, *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012), with more than

"conclusory statements and theoretical arguments," *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012).

Plaintiff's declaration names no specific product he sells, no product embodying either patent, no sales figure, and no lost customer. It offers a $200,000 estimate of development and promotion costs, an assertion of "great commercial success," and boilerplate about harm to "my Brand." (ECF No. 10-2 ¶¶ 3–4, 9–11.) The Federal Circuit affirmed this District's rejection of the same kind of showing. *Easlick*, slip op. at 10–11. The TRO's findings about consumers "misled" by "substandard goods" (ECF No. 28 ¶¶ 5, 7) were proposed ex parte and track trademark-counterfeiting cases; Plaintiff asserts no trademark and offers no evidence of confusion. His delay also belies urgency: the patents issued in April 2024 and January 2025, Defendants' listings have been public since February 2025, and Plaintiff waited until July 2026 to sue. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995). Any harm is compensable: Amazon records every sale, and Plaintiff's own request for an asset freeze to secure a judgment (ECF No. 10-1 at 4 ¶ 8) concedes that his injury is monetary. With more than thirty other sellers named, including VEVOR, Plaintiff cannot show that enjoining two of them would prevent any harm.

## IV. THE BALANCE OF HARDSHIPS AND THE PUBLIC INTEREST WEIGH AGAINST AN INJUNCTION

The TRO has already frozen all of Defendants' funds, including proceeds of unaccused products, and cost their listings sales rank and reviews. Plaintiff's only cognizable injury is monetary. The public interest favors competition in old and functional designs and is not served by enforcing likely invalid patents on a one-sided record.

## V. THE TRO SHOULD BE DISSOLVED AND ANY RELIEF NARROWED

**A. The TRO has expired.** A TRO issued without notice may not exceed fourteen days absent a good-cause extension or consent. Fed. R. Civ. P. 65(b)(2); *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020). The TRO was entered October 8, 2026, so that period ended October 22. Its continuation to November 10 contains no good-cause finding, and Defendants have not consented. A TRO kept in force beyond the Rule's limit operates as a preliminary injunction, *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974), which cannot issue without notice, Fed. R. Civ. P. 65(a)(1). Ex parte restraints must last "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

**B. No asset restraint is permitted.** A court may not freeze a defendant's assets before judgment in an action for money damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Although the Court declined Plaintiff's fund freeze, the TRO's restraint on "Defendants' Assets" (ECF No. 28 ¶¶ I.A.2, I.B.1) has led Amazon to hold all of Defendants' funds. Any further order should exclude funds or, at most, reach only proceeds of the accused ASINs.

**C. Defendants are misjoined.** Accused infringers may be joined only for "the same accused product" and "may not be joined . . . based solely on allegations that they each have infringed the patent." 35 U.S.C. § 299(a)–(b). Plaintiff joins more than thirty unrelated sellers of different products on four platforms, linked only "on information and belief." (ECF No. 10-3 ¶ 10.) Courts dismiss misjoined Schedule A design-patent defendants on such a showing. *see In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Defendants will move under Rule 21; misjoinder is a further reason not to extend relief against them.

**D. The bond is inadequate.** The Rule 65(c) bond requirement is "almost mandatory." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010). Spread across thirty-five Schedule A entries, $5,000 is about $143 each. Any continued restraint should be conditioned on a bond no less than the amount Amazon has restrained from each Defendant. Defendants will provide that figure under seal if the Court requests it.

## CONCLUSION

The Court should (1) decline to enter a preliminary injunction against CHOEZON DIRECT and ZZM Direct; (2) dissolve the TRO as to them and order Plaintiff, within two business days, to notify Amazon and all other recipients that all restraints on their storefronts, listings, inventory, and funds are lifted; and (3) alternatively, limit any restraint to the accused ASINs and their proceeds and condition it on a bond no less than the amount Amazon has restrained from each Defendant.

Dated: October 26, 2026

Respectfully submitted,

/s/ Li Liu
Li Liu (CA 362408)
Admitted *pro hac vice*
LAW OFFICE OF LI LIU
453 S Spring St, Ste 400, PMB 1502
Los Angeles, CA 90013
Telephone: (213) 685-2164
Facsimile: None
Email: sharonliu@slcrossborderlaw.com

*Counsel for Defendants CHOEZON DIRECT and ZZM Direct*

**CERTIFICATE OF SERVICE**

I hereby certify that on Oct. 26, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Li Liu

Li Liu, Esq