# EXHIBIT 1



0:02/1:41



0:06/1:41



0:07/1:41





1:11/1:41

YouTube

Search or ask a question

Create

S

Skip navigation

# Grid Wall Panel Display Rack T Base Stand and Wheels Review, An “Okay” Grid Wall Panel

Keishx Gajbsj
YouTube
Share Create Save

344 views Oct 19, 2022
Thanks for watching, subscribe & share!
✅ Current Price & More Info (US): https://amzn.to/48sDztT
✅ International Shop Link: https://s.click.aliexpress.com/e/_De5...

## Ask

Get answers, explore topics, and more

Ask questions

## Transcript

Follow along using the transcript.
Skip navigation

Show transcript

Keishx Gajbsj
225 subscribers

Videos About

## Video details

| | |
|---|---|
| Date | Oct 19, 2022 |
| Views | 344 |
| Likes | 3 |

Show less

All Walls Products Related For you Recently uploaded Watched

3:36:42
GOD IN MY ROOM! This Will Help You To Sleep In God's Presence | Blessed...
Grace For Purpose Prayers
▷ 465K 2y ago

1:05:07
RETRIAL™ — SESSION NINE — ft. Amanda Ross, Esq, JD Advising Bar ...
THE COUNSELLE COLLECTION® and JD A...
▷ 377 6mo ago

3:37:03
Tim Holtz STAMPtember® Technique Workshop! 🎉
Simon Says Stamp
▷ 65K Streamed 3w ago

Create

1:46:08

HOW TO KNOW THE HOLY SPIRIT MORE
Chris Garcia
▷ 32K Streamed 5mo ago

3:54:05

'Whole Family Looting the American Treasury': Democrats Hold Nothing ...
Hook Global
▷ 178K Streamed 13d ago

3:58:36

DIY Kitchen Renovation for $3K (Contractor Quoted $15K)
Home RenoVision DIY
▷ 1M 1y ago

3:09:06

Autumn Frame TV Art | Elegant White Pumpkin Decor | 3 Hours | No Music
Gilded Stillness
▷ 13K 2w ago

3:33:17

Shamanic Drum Music | 528 Hz | Deep Meditation & Spiritual Healing
Music for Body and Spirit - Meditation M...
▷ 389K 8mo ago

Show more

## 0 Comments

Sort by

S Add a comment...

# EXHIBIT 2

Chinese Design Patent CN 307952922 S (published April 7, 2023)

*English translation follows as Exhibit 2-A.*

 Exhibit 2

(19) 国家知识产权局

# (12) 外观设计专利

(10) 授权公告号 CN 307952922 S
(45) 授权公告日 2023.04.07

(21) 申请号 202230820158.9

(22) 申请日 2022.12.07

(73) 专利权人 佛山市十九号家具有限公司
地址 528000 广东省佛山市南海区西樵镇崇南村樵金路西侧启源广场贰幢六层601(住所申报)

(72) 设计人 詹少勇

(74) 专利代理机构 成都鱼爪智云知识产权代理有限公司 51308
专利代理师 刘波

(51) LOC(14)Cl.
06-06

图片或照片 7 幅 简要说明 1 页

(54) 使用外观设计的产品名称
移动座屏



立体图

CN 307952922 S

# 外观设计图片或照片





主视图



俯视图



后视图



仰视图



左视图



立体图



右视图

1.本外观设计产品的名称:移动座屏。
2.本外观设计产品的用途:用于客厅起装饰作用。
3.本外观设计产品的设计要点:在于形状。
4.最能表明设计要点的图片或照片:立体图。

**EXHIBIT 2-A**

**ENGLISH TRANSLATION OF CHINESE DESIGN PATENT CN 307952922 S**

| **Field** | **Original** | **English translation** |
|---|---|---|
| (19) | 国家知识产权局 | China National Intellectual Property Administration |
| (12) | 外观设计专利 | Design Patent |
| (10) 授权公告号 | CN 307952922 S | Grant Announcement No.: CN 307952922 S |
| (45) 授权公告日 | 2023.04.07 | Grant Announcement Date: April 7, 2023 |
| (21) 申请号 | 202230820158.9 | Application No.: 202230820158.9 |
| (22) 申请日 | 2022.12.07 | Filing Date: December 7, 2022 |
| (73) 专利权人 | 佛山市十九号家具有限公司 | Patentee: Foshan Shijiuhao Furniture Co., Ltd. (literally "Foshan No. 19 Furniture Co., Ltd.") |
| 地址 | 528000 广东省佛山市南海区西樵镇崇南村樵金路西侧启源广场贰幢六层 601（住所申报） | Address: Room 601, 6th Floor, Building 2, Qiyuan Plaza, West Side of Qiaojin Road, Chongnan Village, Xiqiao Town, Nanhai District, Foshan, Guangdong Province 528000 (declared domicile) |
| (72) 设计人 | 詹少勇 | Designer: Zhan Shaoyong |
| (74) 专利代理机构 | 成都鱼爪智云知识产权代理有限公司 51308 | Patent Agency: Chengdu Yuzhua Zhiyun Intellectual Property Agency Co., Ltd. (51308) |
| 专利代理师 | 刘波 | Patent Agent: Liu Bo |
| (51) LOC(14) Cl. | 06-06 | Locarno Classification (14th ed.): 06-06 |

| Field | Original | English translation |
|---|---|---|
| (54) 使用外观设计的产品名称 | 移动座屏 | Name of Product Embodying the Design: Movable Floor Screen (literally "movable standing screen") |
| | 图片或照片 7 幅 简要说明 1 页 | Drawings or photographs: 7; Brief description: 1 page |
| Page 2 heading | 外观设计图片或照片 1/1 页 | Drawings or Photographs of the Design, page 1/1 |

**Views**

| Original label | English translation |
|---|---|
| 主视图 | Front view |
| 后视图 | Rear view |
| 左视图 | Left view |
| 右视图 | Right view |
| 俯视图 | Top view |
| 仰视图 | Bottom view |
| 立体图 | Perspective view |

**Brief Description (简要说明), page 3**

| Original | English translation |
|---|---|
| 1. 本外观设计产品的名称:移动座屏。 | 1. Name of the product of this design: movable floor screen. |
| 2. 本外观设计产品的用途:用于客厅起装饰作用。 | 2. Use of the product of this design: decorative use in a living room. |
| 3. 本外观设计产品的设计要点:在于形状。 | 3. Design points of the product of this design: the shape. |
| 4. 最能表明设计要点的图片或照片:立体图。 | 4. Drawing or photograph that best shows the design points: perspective view. |

# EXHIBIT 3

U.S. Design Patent No. D736,548 S (issued August 18, 2015)

US00D736548S

(12) **United States Design Patent** (10) **Patent No.: US D736,548 S**
**Hornsby** (45) **Date of Patent: ** Aug. 18, 2015**

(54) **GARMENT RAIL**

(71) Applicant: **THE GARMENT RAIL COMPANY LIMITED**, London (GB)

(72) Inventor: **Thomas Stephen Hornsby**, London (GB)

(73) Assignee: **THE GARMENT RAIL COMPANY LIMITED**, London (GB)

(**) Term: **14 Years**

(21) Appl. No.: **29/462,132**

(22) Filed: **Jul. 31, 2013**

(30) **Foreign Application Priority Data**

Feb. 1, 2013 (EP) .......................... 002177279-0001

(51) **LOC (10) Cl.** ................................................ **06-08**

(52) **U.S. Cl.**
USPC ........................................................ **D6/681.1**

(58) **Field of Classification Search**
USPC ......... D6/681, 681.1, 681.2, 681.3, 315, 317, D6/319, 320, 322, 309, 567; 211/85.3, 211/204, 206, 201; 131/151
CPC ............................. A47F 5/0006; A47F 5/0001
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 1,661,667 | A | * | 3/1928 | Mallach | 135/151 |
| 2,533,324 | A | * | 12/1950 | Mendle | 211/206 |
| 2,793,764 | A | * | 5/1957 | Stork | 211/204 |
| 2,893,568 | A | * | 7/1959 | Scholz | 211/204 |
| 5,617,962 | A | * | 4/1997 | Chen | 211/206 |
| D387,231 | S | * | 12/1997 | Turcotte | D6/552 |
| D466,331 | S | * | 12/2002 | Chang | D6/411 |
| D470,340 | S | * | 2/2003 | Andersen et al. | D6/479 |
| 6,745,909 | B1 | * | 6/2004 | Lai | 211/206 |
| 7,077,277 | B2 | * | 7/2006 | Wang | 211/206 |
| 2007/0272642 | A1 | * | 11/2007 | Baptiste | 211/201 |
| 2012/0074082 | A1 | * | 3/2012 | Hornsby | 211/85.3 |

OTHER PUBLICATIONS

Single Rail R589 Clothing Rail, announced Aug. 10, 2007, [online], [site visited Sep. 19, 2014]. Available from Internet, <URL: http://www.clothingrails.co.za/products.htm.*

Clothes Rail 20001, announced Nov. 6, 2011, [online], [site visited Sep. 21, 2014]. Available from Internet, <URL: http://www.valentinosdisplays.com/Clothes-Rail-3FT-Wide-Black-with-2-Inch-Castors-p-1.html.*

New Super Robust Garment Rail Model bCGR-2, announced Jul. 18, 2012, [online], [site visited Sep. 24, 2014]. Available from Internet, <URL: http://www.crowndisplay.co.uk/garment-displays/garment-display-rails/strong-new-strong-super-robust-garment-rail.*

* cited by examiner

*Primary Examiner* — Cathron Brooks
*Assistant Examiner* — Catherine Posthauer
(74) *Attorney, Agent, or Firm* — Nixon & Vanderhye P.C.

(57) **CLAIM**

The ornamental design for a garment rail, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a garment rail according to my new ornamental design;
FIG. **2** is a left side view thereof, with the right side view being a mirror image thereof;
FIG. **3** is a front view thereof thereof;
FIG. **4** is a rear view thereof; and,
FIG. **5** is a top view thereof.
The broken lines represent environment or structure and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**





FIG. 1



FIG. 2



FIG. 3



FIG. 4



FIG. 5

# EXHIBIT 4

U.S. Design Patent No. D842,632 S (issued March 12, 2019)

US00D842632S

(12) **United States Design Patent** (10) **Patent No.: US D842,632 S**
**Fenimore et al.** (45) **Date of Patent: ** Mar. 12, 2019**

(54) **DISPLAY STAND**

(71) Applicant: **Mascot Marketing, Inc.**, Bradenton, FL (US)

(72) Inventors: **J. Scott Fenimore**, Tierra Verde, FL (US); **Matthew Stutsman**, Carson City, NV (US)

(73) Assignee: **Mascot Marketing, Inc.**, Bradenton, FL (US)

(**) Term: **15 Years**

(21) Appl. No.: **29/635,269**

(22) Filed: **Jan. 30, 2018**

(51) **LOC (11) Cl.** .............................................. **06-06**

(52) **U.S. Cl.**
USPC .......................................................... **D6/682**

(58) **Field of Classification Search**
USPC ....... D6/672, 673, 675, 675.1, 682; D34/21, D34/38
CPC .......... A47B 57/00; A47B 81/00; B25H 1/06; B25H 1/00; B65D 9/00; B65D 9/06; B65D 19/0002; B65D 19/0004
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D242,889 S * 1/1977 Hillman ..................... D6/682.6
D296,281 S * 6/1988 Boglitsch ................... D6/682.2
D326,963 S * 6/1992 Harrelson .................. 211/59.1
D368,184 S * 3/1996 Eley .......................... D6/406.4
D412,074 S * 7/1999 DeWitt ........................ D6/672
D525,807 S * 8/2006 Pinco ........................... D6/682
D584,075 S * 1/2009 Hung .......................... D14/239
D733,088 S * 6/2015 Garneau ..................... D14/172
D744,770 S * 12/2015 Middendorf ............... D6/662.1
D756,137 S * 5/2016 Abelmann .................... D6/336
D779,859 S * 2/2017 Richardson ................ D6/675.3
D806,447 S * 1/2018 Burton .......................... D6/657
D806,448 S * 1/2018 Burton .......................... D6/657
D807,086 S * 1/2018 Tio ............................... D6/675
D815,864 S * 4/2018 Burton .......................... D6/675
D825,234 S * 8/2018 He ............................. D6/675.4
D830,743 S * 10/2018 Demircift ..................... D6/672

* cited by examiner

*Primary Examiner* — Kelley A Donnelly
(74) *Attorney, Agent, or Firm* — GrayRobinson, P.A.

(57) **CLAIM**

The ornamental design for a display stand, as shown and described.

**DESCRIPTION**

FIG. **1** is a top elevational view of the display stand of our new design;
FIG. **2** is a right elevational view thereof;
FIG. **3** is a left elevational view thereof;
FIG. **4** is a front perspective view thereof;
FIG. **5** is a front elevational view thereof;
FIG. **6** is a rear elevational view thereof; and,
FIG. **7** is bottom elevational view thereof.

**1 Claim, 7 Drawing Sheets**





Fig. 1



Fig. 2



Fig. 3



Fig. 4



Fig. 5



Fig. 6



Fig. 7

# EXHIBIT 5

Korean Design Registration No. 30-0393794 (published October 4, 2005)

*English translation follows as Exhibit 5-A.*

# (19)대한민국특허청(KR)
# (12) 등록디자인공보(S)

(52) 분류 F5-210

(45) 공고일자 2005년10월04일
(11) 등록번호 30-0393794
(24) 등록일자 2005년09월23일

(51) 국제분류 06-04, 20-02
(21) 출원번호 30-2004-0037015
(22) 출원일자 2004년12월03일

(73) 디자인권자 서정호
경기 안양시 동안 평촌 932-4 4/3 꿈마을아파트 703-1402호

(72) 창작자 서정호
경기 안양시 동안 평촌 932-4 4/3 꿈마을아파트 703-1402호

(74) 대리인 남상선

담당심사관 안영백

※디자인보호법(법률 제7289호, 시행일 2005.7.1)에 의거 종전의 규정에 의한 의장은
이 법의 개정규정에 의한 디자인으로 봅니다.

## (54) 상품 진열대

디자인의 대상이 되는 물품

상품 진열대

디자인의 설명

1. 재질은 금속 및 합성수지재 임.

2. 참고도에 도시한 바와 같이, 상품 진열대에 다수의 상품 걸이구를 걸어 상품을 걸수 있는 것임.

디자인 창작 내용의 요점

"상품 진열대"의 형상과 모양의 결합을 의장창작내용의 요점으로 함.

【 사시도 】



【 정면도 】



【 배면도 】



【 좌측면도 】



【 우측면도 】



【 평면도 】



【 저면도 】



【 참고도 1 】
사용상태도



**EXHIBIT 5-A**

## ENGLISH TRANSLATION OF KOREAN DESIGN REGISTRATION NO. 30-0393794

| Field | Original | English translation |
|---|---|---|
| (19) | 대한민국특허청(KR) | Korean Intellectual Property Office (KR) |
| (12) | 등록디자인공보(S) | Registered Design Gazette (S) |
| (52) 분류 | F5-210 | Korean Classification: F5-210 |
| (45) 공고일자 | 2005 년 10 월 04 일 | Publication Date: October 4, 2005 |
| (11) 등록번호 | 30-0393794 | Registration No.: 30-0393794 |
| (24) 등록일자 | 2005 년 09 월 23 일 | Registration Date: September 23, 2005 |
| (51) 국제분류 | 06-04, 20-02 | International (Locarno) Classification: 06-04, 20-02 |
| (21) 출원번호 | 30-2004-0037015 | Application No.: 30-2004-0037015 |
| (22) 출원일자 | 2004 년 12 월 03 일 | Filing Date: December 3, 2004 |
| (73) 디자인권자 | 서정호 [address as shown in original] | Design Right Holder: Seo Jeong-ho, Anyang-si, Gyeonggi-do [full address as shown in original] |
| (72) 창작자 | 서정호 | Creator: Seo Jeong-ho |
| (74) 대리인 | 남상선 | Agent: Nam Sang-seon |
| 담당심사관 | 안영백 | Examiner: Ahn Young-baek |
| Note (※) | 디자인보호법(법률 제 7289 호, 시행일 2005.7.1)에 의거 종전의 규정에 의한 의장은 이 법의 개정규정에 의한 디자인으로 봅니다. | Pursuant to the Design Protection Act (Act No. 7289, effective July 1, 2005), an industrial design (의장) under the former provisions is deemed a design under the amended provisions of this Act. |
| (54) | 상품 진열대 | Product Display Stand |

| Field | Original | English translation |
|---|---|---|
| 디자인의 대상이 되는 물품 | 상품 진열대 | Article to Which the Design Is Applied: Product display stand |
| 디자인의 설명 | 1. 재질은 금속 및 합성수지재임. 2. 참고도에 도시한 바와 같이, 상품 진열대에 다수의 상품걸이구를 걸어 상품을 걸수 있는 것임. | Description of the Design: 1. The material is metal and synthetic resin. 2. As shown in the reference drawing, a number of product hangers can be hung on the product display stand so that goods can be hung. |
| 디자인 창작 내용의 요점 | "상품 진열대"의 형상과 모양의 결합을 의장창작내용의 요점으로 함. | Gist of the Creative Content of the Design: The combination of the shape and pattern of the "product display stand" is the gist of the creative content of the design. |

**Views**

| Original label | English translation |
|---|---|
| 사시도 | Perspective view |
| 정면도 | Front view |
| 배면도 | Rear view |
| 좌측면도 | Left side view |
| 우측면도 | Right side view |
| 평면도 | Plan (top) view |
| 저면도 | Bottom view |
| 참고도 1 / 사용상태도 | Reference Drawing 1 / View showing state of use |
| 상품걸이구 | Product hanger (label in Reference Drawing 1) |
| 본원의장 | The present design (label in Reference Drawing 1) |
| 등록디자인 30-0393794 | Registered Design 30-0393794 (page header) |

# EXHIBIT 6

Chinese Design Patent CN 3557805 D (published September 6, 2006)

*English translation follows as Exhibit 6-A.*

 Exhibit 6

(19) 中华人民共和国国家知识产权局

# (12) 外观设计专利

(11) 授权公告号 CN 3557805 D
(45) 授权公告日 2006.09.06

(21) 申请号 200530044412.7

(22) 申请日 2005.10.19

(73) 专利权人 利丰贸易（上海）有限公司
地址 201103上海市闵行区宜山路2000号B栋1楼LH部门

(72) 设计人 石毅君

(51) 分类号
06-06

图片或照片 7 幅 简要说明 0 页

(54) 使用外观设计的产品名称
屏风



立体图

CN 3557805 D


俯视图


后视图


立体图


仰视图


右视图


主视图


左视图

**EXHIBIT 6-A**

**ENGLISH TRANSLATION OF CHINESE DESIGN PATENT CN 3557805 D**

| Field | Original | English translation |
|---|---|---|
| (19) | 中华人民共和国国家知识产权局 | State Intellectual Property Office of the People's Republic of China |
| (12) | 外观设计专利 | Design Patent |
| (11) 授权公告号 | CN 3557805 D | Grant Announcement No.: CN 3557805 D |
| (45) 授权公告日 | 2006.09.06 | Grant Announcement Date: September 6, 2006 |
| (21) 申请号 | 200530044412.7 | Application No.: 200530044412.7 |
| (22) 申请日 | 2005.10.19 | Filing Date: October 19, 2005 |
| (73) 专利权人 | 利丰贸易(上海)有限公司 | Patentee: Li & Fung Trading (Shanghai) Co., Ltd. |
| 地址 | 201103 上海市闵行区宜山路 2000 号 B 栋 1 楼 LH 部门 | Address: LH Department, 1st Floor, Building B, No. 2000 Yishan Road, Minhang District, Shanghai 201103 |
| (72) 设计人 | 石毅君 | Designer: Shi Yijun |
| (51) 分类号 | 06-06 | Classification: 06-06 |
| (54) 使用外观设计的产品名称 | 屏风 | Name of Product Embodying the Design: Screen (room divider) |
| | 图片或照片 7 幅 简要说明 0 页 | Drawings or photographs: 7; Brief description: 0 pages |
| Page 2 heading | 外观设计图片或照片 1/1 页 | Drawings or Photographs of the Design, page 1/1 |

**Views**

| Original label | English translation |
|---|---|
| 俯视图 | Top view |

| Original label | English translation |
|---|---|
| 后视图 | Rear view |
| 立体图 | Perspective view |
| 仰视图 | Bottom view |
| 右视图 | Right view |
| 主视图 | Front view |
| 左视图 | Left view |

# EXHIBIT 7

U.S. Design Patent No. D1,021,425 S (issued April 9, 2024)

US0D1021425S

(12) **United States Design Patent**
**Liu**

(10) **Patent No.: US D1,021,425 S**
(45) **Date of Patent: ** Apr. 9, 2024**

(54) **WALL PANEL**

(71) Applicant: **Jiangchuan Liu**, Yibin (CN)

(72) Inventor: **Jiangchuan Liu**, Yibin (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/890,491**

(22) Filed: **Apr. 25, 2023**

(51) **LOC (14) Cl.** ................................................ **06-06**

(52) **U.S. Cl.**
USPC ........................................................... **D6/332**

(58) **Field of Classification Search**
USPC ...... D19/113, 114; D21/469; D6/332, 406.3; D14/126, 374
CPC . B43L 1/004; B43L 1/002; G09F 1/12; G06F 3/03547; G09B 11/04; A47B 3/0818; E04B 2/7429; E04B 2/7401; E04B 2/7416; E04B 1/3444
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D445,837 S * 7/2001 Waterhouse .................. D20/40
7,195,491 B1 * 3/2007 Chen ........................ B43L 1/00 434/408
D590,607 S * 4/2009 Beno ............................ D6/332
D627,394 S * 11/2010 Nakayama .................. D19/114
D669,693 S * 10/2012 Goranson ...................... D6/332
D669,694 S 10/2012 Yoo
D707,994 S 7/2014 Le
8,959,813 B2 * 2/2015 Denby ................ G09F 15/0068 40/606.03
D727,637 S 4/2015 Tsuchiyama
D760,519 S 7/2016 Le
D774,318 S 12/2016 Tsuchiyama
D778,464 S 2/2017 Bilge
D793,749 S 8/2017 Kitajima
D793,751 S 8/2017 Kitajima
D822,108 S * 7/2018 Avallon ...................... D19/114
10,625,537 B1 * 4/2020 Dawson .............. G09F 15/0056
D917,438 S * 4/2021 Kuroda ........................ D14/239
11,089,873 B1 * 8/2021 Dawson .................. B60B 19/12
D955,350 S * 6/2022 Hwang ................. G06F 1/1601 D14/126
D959,860 S 8/2022 Jaroslawitz
D970,909 S 11/2022 Scherer
D976,594 S * 1/2023 Zhao ........................... D25/138
D1,003,058 S * 10/2023 Zhao ............................. D6/332
(Continued)

*Primary Examiner* — Michael C Stout
*Assistant Examiner* — Laura H Yu
(74) *Attorney, Agent, or Firm* — Jose Cherson Weissbrot

(57) **CLAIM**

The ornamental design for a wall panel, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of a wall panel showing my new design;
FIG. **2** is a rear perspective view thereof;
FIG. **3** is a front elevation view, the rear elevation view is identical;
FIG. **4** is a left side elevation view thereof, the right side elevation view is identical;
FIG. **5** is a top plan view thereof;
FIG. **6** is a bottom plan view thereof;
FIG. **7** is a partial enlarged view of FIG. **1**;
FIG. **8** is a partial enlarged view of FIG. **2**;
FIG. **9** is a partial enlarged view of FIG. **3**;
FIG. **10** is a partial enlarged view of FIG. **5**; and,
FIG. **11** is a partial enlarged view of FIG. **6**.
The dash-dash broken lines in the figures depict portions of the wall panel that form no part of the claimed design. The dash-dot-dash broken lines in the drawings depict boundaries of the enlarged area that form no part of the claimed design.

**1 Claim, 11 Drawing Sheets**



(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2006/0216686 | A1 * | 9/2006 | McComb | B43K 23/001 434/408 |
| 2009/0090475 | A1 * | 4/2009 | Raniere | E04B 2/7405 160/351 |

* cited by examiner




FIG.1




FIG.2




FIG.3



FIG.4




FIG.5




FIG.6



FIG.7



FIG.8



FIG.9



FIG.10



FIG.11

# EXHIBIT 8

U.S. Design Patent No. D1,058,187 S (issued January 21, 2025)

US0D1058187S

(12) **United States Design Patent**
**Liu**

(10) **Patent No.: US D1,058,187 S**
(45) **Date of Patent: ** Jan. 21, 2025**

(54) **WALL PANEL**

(71) Applicant: **Jiangchuan Liu**, Sichuan (CN)

(72) Inventor: **Jiangchuan Liu**, Sichuan (CN)

(**) Term: **15 Years**

(21) Appl. No.: **29/931,101**

(22) Filed: **Mar. 5, 2024**

**Related U.S. Application Data**

(63) Continuation of application No. 29/890,491, filed on Apr. 25, 2023, now Pat. No. Des. 1,021,425.

(51) **LOC (15) Cl.** ............................................... **06-06**

(52) **U.S. Cl.**
USPC ........................................................... **D6/332**

(58) **Field of Classification Search**
USPC ...... D19/113, 114; D21/469; D6/332, 406.3; D14/126, 374
CPC . B43L 1/004; B43L 1/002; G09F 1/12; G06F 3/03547; G09B 11/04; A47B 3/0818; E04B 2/7429; E04B 2/7401; E04B 2/7416; E04B 1/3444
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| 2,880,534 | A | * | 4/1959 | Lund | G09F 1/02 40/539 |
| D443,156 | S | | 6/2001 | Draheim | |
| D443,447 | S | | 6/2001 | Draheim | |
| D447,638 | S | | 9/2001 | Shih | |
| D511,915 | S | | 11/2005 | Mohundro | |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| CN | 308042166 | * | 5/2023 |
| IN | 356818-001 | * | 3/2023 |
| IN | 329097-001 | * | 5/2023 |

OTHER PUBLICATIONS

Blasinc Gridwall Panel, available Apr. 21, 2023 [online], [retrieved Aug. 7, 2024]. Retrieved from internet, https://www.amazon.in/Blasinc-Gridwall-Floorstanding-Detachable-Transport/dp/B0BH9HL27L/ref=cm_cr_arp_d_product_top?ie=UTF8 (Year: 2023).*

(Continued)

*Primary Examiner* — Jae Liang
*Assistant Examiner* — Christopher Torma
(74) *Attorney, Agent, or Firm* — Hawaii Patent Services; Nathaniel K. Fedde; Kenton N. Fedde

(57) **CLAIM**

The ornamental design for a wall panel, as shown and described.

**DESCRIPTION**

FIG. **1** is a front perspective view of a wall panel, showing my new design;
FIG. **2** is a rear perspective view thereof;
FIG. **3** is a front elevational view thereof, the rear elevational view is identical;
FIG. **4** is a left side view thereof, the right side view is identical;
FIG. **5** is a top plan view thereof;
FIG. **6** is a bottom plan view thereof;
FIG. **7** is an enlarged view of detail **7** in FIG. **1**;
FIG. **8** is an enlarged view of detail **8** in FIG. **2**;
FIG. **9** is an enlarged view of detail **9** in FIG. **3**;
FIG. **10** is an enlarged view of detail **10** in FIG. **5**; and,
FIG. **11** is an enlarged view of detail **11** in FIG. **6**.
The small evenly spaced dash broken lines in the drawings illustrate portions of the wall panel that form no part of the claimed design. The large evenly spaced dot-dash broken lines encompassing portions of the wall panel in FIGS. **1**, **2**, **3**, **5**, and **6** and illustrated in enlarged views in FIGS. **7-11** form no part of the claimed design.

**1 Claim, 11 Drawing Sheets**



(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D536,540 | S | | 2/2007 | Partridge | |
| D572,051 | S | | 7/2008 | Jannetides, Sr. | |
| D600,955 | S | | 9/2009 | Schmitt | |
| D610,845 | S | | 3/2010 | Sehmitt | |
| D612,176 | S | | 3/2010 | Knox | |
| D669,693 | S | | 10/2012 | Goranson | |
| D917,438 | S | * | 4/2021 | Kuroda | D14/239 |
| D976,594 | S | * | 1/2023 | Zhao | D25/138 |
| D986,325 | S | * | 5/2023 | Irek | D19/114 |
| D990,175 | S | * | 6/2023 | Latino | D6/332 |
| D1,003,350 | S | * | 10/2023 | Dawson | D19/114 |
| D1,011,052 | S | * | 1/2024 | Kokatnur | D6/332 |
| D1,021,425 | S | * | 4/2024 | Liu | D6/332 |

OTHER PUBLICATIONS

3 Layer Grid Panels, available Dec. 5, 2023 [online], [retrieved Aug. 7, 2024]. Retrieved from internet, https://www.amazon.ae/Panels-Display-Movable-Gridwall-Sturdy/dp/B0CNH8DWCR?th=1 (Year: 2023).*

B0BH9HL27L Metal Slatwall, posted date unavailable [online], [retrieved Aug. 7, 2024]. Retrieved from internet, https://www.wayfair.com/storage-organization/pdp/blooming-metal-slatwall-accessory-kit-boim1341.html (Year: 2024).*

* cited by examiner




FIG.1




FIG.2




FIG.3



FIG.4




FIG.5




FIG.6



FIG.7



FIG.8



FIG.9



FIG.10



FIG.11

# EXHIBIT 9

Jacki Easlick, LLC v. CJ Emerald, Nos. 2024-1538, -1826, slip op
. (Fed. Cir. Aug. 14, 2026) (nonprecedential)

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JACKI EASLICK, LLC, JE CORPORATE LLC,**
*Plaintiffs-Appellants*

**v.**

**ACCENCYC US**
*Defendant-Appellee*

**CJ EMERALD, ET AL.**
*Defendants*

---

2024-1538, 2024-1826

---

Appeals from the United States District Court for the Western District of Pennsylvania in No. 2:23-cv-02000-WSS, Judge William S. Stickman, IV.

---

Decided: August 14, 2026

---

STANLEY DONALD FERENCE, III, Ference & Associates LLC, Pittsburgh, PA, argued for plaintiffs-appellants. Also represented by BRIAN SAMUEL MALKIN, Rosenbaum & Segall, PC, Long Beach, NY.

TIMOTHY A. DUFFY, Law Office Of Timothy A. Duffy, PC, Lake Forest, IL, argued for defendant-appellee.

---

Before DYK, SCHALL, and PROST, *Circuit Judges*.

PROST, *Circuit Judge*.

Jacki Easlick, LLC and JE Corporate LLC (collectively, "Jacki Easlick") appeal two decisions of the United States District Court for the Western District of Pennsylvania denying their motions for a preliminary injunction and reconsideration of the denial of the motion for preliminary injunction. For the reasons below, we affirm.

BACKGROUND

This appeal concerns Jacki Easlick's TOTE HANGER® brand handbag hanger hook ("Tote Hanger"), associated with U.S. Design Patent No. D 695,526 ("the D'526 patent"). The D'526 patent is a design patent for a hook for hanging handbags on closet rods. *Jacki Easlick, LLC v. CJ Emerald*, No. 2:23-cv-2000, 2024 WL 310125, at *2 (W.D. Pa. Jan. 26, 2024) ("*Jacki Easlick I*").

On November 20, 2023, Jacki Easlick filed suit against 67 online sellers in the Western District of Pennsylvania, alleging that the sellers infringed the D'526 patent by selling hooks for hanging handbags. *Id.* AccEncyc US ("AccEncyc"), a Chinese company that sold a handbag hanger hook on Amazon (among many other products), was one of those online sellers.

In its complaint and in an *ex parte* motion, Jacki Easlick requested "(1) a temporary restraining order; (2) an order restraining assets and merchant storefronts; (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery." *Id.* That same day, the district court granted Jacki Easlick's motion for an *ex parte* temporary restraining order against all defendants. *Id.*; Amicus Br. 2 (explaining that "[t]his case is a typical 'Schedule A' case, where a plaintiff joins together a large number of unrelated online

merchants in a single infringement complaint." and, as is also "typical" of "Schedule A plaintiffs," Jacki Easlick obtained an *ex parte* temporary restraining order "before Appellee had notice or could contest Appellants' allegations").[1]

Jacki Easlick subsequently moved for a preliminary injunction. The district court denied the motion as to AccEncyc, finding that Jacki Easlick had failed to establish a likelihood of success on the merits and irreparable harm. *Jacki Easlick I*, 2024 WL 310125, at *7, 9. The remaining defendants either entered a consent order or faced default judgment. J.A. 20–21. Jacki Easlick then filed a motion for reconsideration of the district court's denial of the preliminary-injunction motion. *See Jacki Easlick, LLC v. CJ Emerald*, No. 2:23-cv-2000, 2024 WL 1657843 (W.D. Pa. Apr. 17, 2024) ("*Jacki Easlick II*"). The district court denied that motion. *Id.* at *6.

Jacki Easlick timely appealed both denials to this court. We have jurisdiction under 28 U.S.C. § 1292(a)(1) and (c)(1).

## Discussion

"The court considers the following four factors in evaluating a motion for a preliminary injunction: (1) whether the moving party has shown a reasonable likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm in the absence of a preliminary injunction; (3) whether the balance of hardships tips in the moving party's favor; and (4) the impact of a preliminary injunction on the public interest." *DexCom, Inc. v. Abbott Diabetes Care, Inc.*, 89 F.4th 1370, 1375 (Fed. Cir. 2024) (cleaned up). "We review the grant or denial of a

---

[1] We received an Amicus brief from several law professors arguing that so-called "Schedule A" cases are legally permissible. The propriety of the "Schedule A" practice is not before us.

preliminary injunction under the law of the regional circuit, here the Third Circuit." *FMC Corp. v. Sharda USA, LLC*, 145 F.4th 1326, 1330 (Fed. Cir. 2025).

The Federal Circuit has, however, "itself built a body of precedent applying the general preliminary injunction considerations to a large number of factually variant patent cases, and gives dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues." *Natera, Inc. v. NeoGenomics Lab'ys., Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024) (cleaned up). "Both the Third Circuit and the Federal Circuit review the district court's decision to grant or deny a preliminary injunction for an abuse of discretion." *FMC*, 145 F.4th at 1330 (citing *Natera*, 106 F.4th at 1375, and *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014)). "An abuse of discretion may arise when the district court made a clear error of judgment in weighing relevant factors, exercised its discretion based upon an error of law, or exercised its discretion based upon clearly erroneous factual findings." *Id.* at 1330 (citing *Natera*, 106 F.4th at 1375).

Separately, "[a]pplying Third Circuit law, we review a district court's grant or denial of a motion for reconsideration for an abuse of discretion." *Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1367 (Fed. Cir. 2014).

Jacki Easlick argues that the district court abused its discretion by applying the wrong standard when evaluating the likelihood of success on the merits and by incorrectly concluding that Jacki Easlick had not shown irreparable harm. We address each of those arguments in turn and conclude by addressing the motion for reconsideration.

## I

Jacki Easlick's position that the district court erred in finding no likelihood of success on the merits rests on two

arguments: that the district court (1) improperly focused on individual design details in assessing design-patent infringement and (2) failed to consider the prior art. Appellants' Br. 14–23.

To determine "whether a design patent has been infringed . . . the court first construes the claim to determine its meaning and scope" and "the fact finder then compares the properly construed claim to the accused design." *Range of Motion Prods., LLC v. Armaid Co.*, 166 F.4th 981, 988 (Fed. Cir. 2026). "Design patent infringement is a question of fact, which a patentee must prove by a preponderance of the evidence." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019). "A design patent only protects the novel, ornamental features of the patented design." *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

Courts employ the "ordinary observer" test to compare the patented and accused designs. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). The "ordinary observer" test provides that

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White*, 81 U.S. 511, 528 (1871). If "the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Egyptian Goddess*, 543 F.3d at 678. And "[w]here, as here, the claimed design includes several elements, the fact finder must apply the ordinary observer test by comparing similarities in overall designs, not similarities of ornamental features in

isolation." *Ethicon Endo-Surgery Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015); *see Crocs, Inc. v. ITC*, 598 F.3d 1294, 1303–04 (Fed. Cir. 2010).

A.

Jacki Easlick argues that the district court improperly focused on individual design details in conducting its design patent infringement analysis. Appellants' Br. 15. We disagree.

"Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn*, 122 F.3d at 1405. That is precisely how the district court began its analysis. Below is a reproduction of a side-by-side comparison of the patented design of the Tote Hanger (on the left) and the accused product (on the right) from the district court's preliminary injunction opinion.



*Jacki Easlick I*, 2024 WL 310125, at *7

The district court determined that the Tote Hanger's two attached hooks and vertical configuration are functional elements that must be "excluded from the scope of the claimed design." *Id.* at *5. The district court further determined that the design patent protects the Tote Hanger's ornamental features, including "among other non-functional features, the shape of the hooks, the flare out of the top hook's tip, the 90-degree offset[2] at the top and bottom hooks, and the spheres on the end of each hook." *Id.*

Having separated the Tote Hanger's functional and ornamental elements, the district court proceeded to its infringement analysis. It concluded that the "side-by-side comparisons of the claimed and accused designs do not suggest to the [c]ourt that an ordinary observer would be deceived into believing the accused design is the same as the one claimed by" Jacki Easlick. *Id.* at *7. The district court noted that the "most obvious difference lies with the center of each handbag hook," contrasting the "corkscrew-like center of the Tote Hanger against the laterally bent center of the [a]ccused [p]roduct." *Id.* It also identified the shape of the bottom hooks and the hooks' finished ends as additional dissimilarities between the parties' products. *Id.* The district court thus properly "recited the significant differences between the ornamental features of the two designs" and "in determining infringement, it mainly focused on whether an ordinary observer would be deceived into

[2] AccEncyc argues that (contrary to the district court's conclusion on this matter) the 90-degree orientation is functional. Appellee's Br. 18. Jacki Easlick disagrees. Reply Br. 3. But the parties also dispute whether AccEncyc has preserved that argument. Reply Br. 3; Appellee's Br. 19. The resolution of this issue does not affect our analysis. Thus, we do not reach it.

thinking that any of the [AccEncyc] designs were the same as [Jacki Easlick's] patented design." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010).

Jacki Easlick contends that "the district court in this case was led astray" by AccEncyc's "exclusive[]" focus on the Tote Hanger's "'corkscrew' twist" and "different shapes on the end of the hooks in the two products, ignoring altogether the 'overall impression' of the two products." Appellants' Br. 18–19. But the district court explicitly stated that it was "comparing the overall visual effect of the two products." *Jacki Easlick I*, 2024 WL 310125, at *7. This is not—as Jacki Easlick argues—a situation where the district court's "concentration on small differences in isolation distracted from the overall impression of the claimed ornamental features." *Crocs*, 598 F.3d at 1303–04. Instead, the district court correctly considered "the ornamental features and analyze[d] how they impact the overall design." *Lanard Toys Ltd. v. DolgenCorp LLC*, 958 F.3d 1337, 1343 (Fed. Cir. 2020); *see Ethicon*, 796 F.3d at 1335–37. Indeed, the district court noted that "[e]ven if the pictures of the Tote Hanger and the [a]ccused [p]roduct were mixed randomly, an ordinary observer could quickly restore them to their original order upon viewing the center of the parties' handbag hooks." *Jacki Easlick I*, 2024 WL 310125, at *7. Considering distinguishing features—as the district court did here—is not legal error. And it is hard to imagine how a court could reasonably conduct this analysis without pointing such features out. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009) ("The mandated overall comparison is a comparison taking into account significant differences between the two designs . . . .").

B.

Jacki Easlick next argues that the district court improperly failed to consider the prior art. Appellants' Br. 23. But "[c]omparing the claimed and accused designs with the

prior art is beneficial only when the claimed and accused designs are not plainly dissimilar." *Ethicon*, 796 F.3d at 1337. Regardless, as the district court explained in deciding Jacki Easlick's motion for reconsideration, a prior art analysis would not have changed the outcome of the district court's preliminary injunction ruling. *Jacki Easlick II*, 2024 WL 1657843, at *5. We agree with the district court's assessment that the prior art submitted by Jacki Easlick differs from the claimed design in several respects. Thus, as the district court correctly concluded, "[w]ith the attention of the hypothetical ordinary observer still drawn to these significant differences . . . re-application of the ordinary observer test would not have changed the overall visual effect of the two designs." *Id.* at *6. The district court did not abuse its discretion in determining that Jacki Easlick failed to demonstrate a likelihood of success on the merits of its design patent infringement claim.

II

The district court also determined that Jacki Easlick failed to show irreparable harm. *Jacki Easlick I*, 2024 WL 310125, at *9. Jacki Easlick urges us to reach the opposite conclusion. We cannot do so.

Jacki Easlick must establish "that absent an injunction, it will suffer irreparable harm," and "that a sufficiently strong causal nexus relates the alleged harm to the alleged infringement." *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012). "[C]onclusory statements and theoretical arguments" are insufficient to demonstrate irreparable harm. *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012).

Jacki Easlick makes three primary arguments to support its position that it will suffer irreparable harm absent injunctive relief. First, it argues that the district court should have remained consistent with its temporary restraining order ruling. Appellants' Br. 25. Second, it implies that AccEncyc's failure to brief the irreparable harm

issue bears significance. Appellants' Br. 25. Third, and alternatively, Jacki Easlick contends that the evidence it submitted was sufficient to establish irreparable harm. Appellants' Br. 26. Each argument fails.

Jacki Easlick's first argument rests on the notion that the district court should have found the offered irreparable-harm evidence sufficient because it had already done so in issuing the temporary restraining order. And its second argument appears to be that the district court should have considered AccEncyc's decision to not contest irreparable harm in its responsive preliminary injunction brief. *See* Appellants' Br. 25. Jacki Easlick cites no law supporting these positions. Indeed, it cannot, because—regardless of whether AccEncyc responded on the issue—Jacki Easlick bears the burden of demonstrating irreparable harm. *See Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1010 (Fed. Cir. 2009). And "[t]he grant or denial of a preliminary injunction . . . is within the sound discretion of the district court." *Abbott Lab'ys. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1334 (Fed. Cir. 2006). The decision to grant an *ex parte* temporary restraining order against 67 defendants does not restrain the district court's separate analysis of a motion for a preliminary injunction.

In any case, the district court properly concluded that Jacki Easlick failed to demonstrate irreparable harm. The district court assessed the evidence Jacki Easlick submitted (declarations made by Ms. Jacklyn Easlick and Mr. Stanley Ference as to each type of harm, and an overview of how foreign counterfeiting companies operate, respectively). *See Jacki Easlick I*, 2024 WL 310125, at *8–9. It determined that the allegations of harm to "profits, consumer relationships, brand value, goodwill, and quality reputation are nothing more than conclusory and theoretical." *Id.* at *8. The district court further assessed Jacki Easlick's arguments regarding customer confusion, market loss, competition, and price erosion, and again emphasized that Jacki Easlick offered no evidence as to each. *Id.* at 8–

9. We agree. Mere citations to case law recognizing the existence of each type of alleged harm accompanied by conclusory statements that those harms are occurring are inadequate to meet the requisite burden. The district court did not abuse its discretion in carrying out its irreparable-harm analysis.

III

Having affirmed the district court's denial of Jacki Easlick's motion for a preliminary injunction, we turn to the denial of Jacki Easlick's motion for reconsideration. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (cleaned up). Courts do, however, avoid granting motions for reconsideration absent "extraordinary circumstances," such as preventing a "clearly erroneous" prior decision from resulting in a "manifest injustice," assessing newly available evidence, or accounting for "supervening new law." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (citations omitted). The district court correctly determined that none of those extraordinary circumstances are present here.

Jacki Easlick sought the district court's consideration of "new" evidence in the form of the physical hooks at issue and Ms. Easlick's testimony regarding irreparable harm. As the district court stated, there appears to be "no reason why [Jacki Easlick] could not provide the physical evidence or testimony" either before filing its preliminary injunction motion or before the preliminary injunction hearing. *Jacki Easlick II*, 2024 WL 1657843, at *3; *see also id.* at *1 (citing *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("[N]ew evidence, for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means

evidence that a party could not earlier submit to the court because that evidence was not previously available.”)).

Jacki Easlick’s motion for reconsideration also argued that the district court erred in application of the ordinary observer test. *Jacki Easlick II*, 2024 WL 1657843, at *4. For the reasons set forth above, we disagree. We thus find no abuse of discretion in the district court’s denial of the motion for reconsideration.

## CONCLUSION

We have considered Jacki Easlick’s remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court’s denials of Jacki Easlick’s motion for a preliminary injunction and motion for reconsideration.

**AFFIRMED**

# EXHIBIT 10

‹ 业绩通知

2026年10月11日
**Your Amazon.com selling account**

amazon

Hello CHOEZON DIRECT,

We removed the listings below.

ASIN: B0DB4BGX2Q,B0DS36VV3R,B0DS42TBVJ,B0DS4HDYX7

Infringement type: Design Patent Infringement
IP asserted: Patent Information
Patent Number

Type

Title

...

US D1,058,187 S

Design Patent

Wall Panel

...

US D1,021,425 S

Design Patent

Wall Panel

Complaint ID: 22484373681
Rights owner name: Aptum Law
Oscar Lam
626.550.7922 | 1660 S. Amphlett Blvd. Ste. 315, San Mateo, California
Rights owner email: oscar.lam@aptumlaw.us
TRO: 26-cv-01516

Why did this happen?
We removed some of your listings because we received a report from a rights owner alleging they may infringe upon their Design Patent Infringement. This is against Amazon policies. Sellers on Amazon must comply with Amazon listing policies and are not allowed to sell products violating Amazon policies (https://sellercentral.amazon.com/gp/help/external/201361070).

How do I reactivate my listings?
To reactivate your listings, please work with the rights owner who reported the violation to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions. These are the rights owner's contact details:
-- Rights owner name: Aptum Law
Oscar Lam
626.550.7922 | 1660 S. Amphlett Blvd. Ste. 315, San Mateo, California
-- Rights owner email: oscar.lam@aptumlaw.us
TRO: 26-cv-01516

Have your listings been removed in error?
If you believe there has been an error, please submit an explanation. Your explanation should include the following information:
-- How the removed listings have not violated the Amazon Intellectual Property Policy.
-- Evidence that shows the removed listings have complied with the Amazon Intellectual Property Policy.

How do I send the required information?
Go to Received Intellectual Property Complaints in the Product Policy Compliance section on Account Health (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa). Locate the deactivation record for the listings you want to appeal and click on the Appeal button next to the record to submit your appeal to reactivate your listings.

What happens if I do not send the requested information?
If we do not receive a response, the listings will remain removed and the violation record will remain on your Account Health page for up to 180 days after the notification or until the violation is addressed. Leaving this or other policy violations unaddressed may result in account deactivation.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). You may contact us for more information if required (https://sellercentral.amazon.com/cu/contact-us)

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health page shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app: https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

Thank you,
Thank you,
Amazon.com

Report an issue with this email

If you have any questions visit: Seller Central

# EXHIBIT 11

## INVALIDITY COMPARISON CHARTS

*Liu v. Schedule A Defendants*, No. 2:26-cv-01516-MJH (W.D. Pa.)

Charts 1, 2A, and 2B reproduce figures from Exhibits 2, 5, 6, 7, and 8, cropped and scaled for side-by-side presentation and not otherwise altered. Broken-line (disclaimed) portions of the patent figures appear as they do in the patents. Chart 2C is a demonstrative; see the note above it. Charts 1A and S reproduce still frames from the video in Exhibit 1, cropped and scaled; the red markings are Defendants' annotations. Chart 3 reproduces figures from Exhibits 7, 8, and 13 in the same way.

**Chart 1: U.S. Patent No. D1,058,187 v. CN 307952922 S (anticipation; 35 U.S.C. § 102(a)(1))**

| Claimed feature of '187 Patent (solid lines) | U.S. Patent No. D1,058,187 (Ex. 8) | CN 307952922 S (Ex. 2), published Apr. 7, 2023 |
| --- | --- | --- |
| **Front.** Two short posts flank the lower part of the panel; a rail spans between them beneath the panel. Panel, upper frame, grid, and casters are disclaimed. |  FIG.3<br>FIG. 3 (front) | <br>主视图 (front view) |
| **Side.** Each post widens into a tapered support that meets a straight foot bar perpendicular to the panel. |  FIG.4<br>FIG. 4 (left side) | <br>左视图 (left view) |

| **Claimed feature of '187 Patent (solid lines)** | **U.S. Patent No. D1,058,187 (Ex. 8)** | **CN 307952922 S (Ex. 2), published Apr. 7, 2023** |
| --- | --- | --- |
| **Plan.** The two foot bars and the cross member form an H-shaped footprint. |  FIG. 5 (top) |  俯视图 (top view)  仰视图 (bottom view) |

**Chart 1A: U.S. Patent No. D1,058,187 v. YouTube video (Ex. 1), posted October 19, 2022 (anticipation, and obviousness with CN 307952922 S; see Brief § I.A)**

| **Claimed feature of '187 Patent (solid lines)** | **U.S. Patent No. D1,058,187 (Ex. 8)** | **YouTube video (Ex. 1), posted Oct. 19, 2022** |
| --- | --- | --- |
| **Front.** Two short posts flank the lower part of the panel; a rail spans between them beneath the panel. Panel, upper frame, grid, and casters are disclaimed. |  *FIG.3* FIG. 3 (front) |  front view |

| | | |
|---|---|---|
| **Side.** Each post widens into a tapered support that meets a straight foot bar perpendicular to the panel. |  FIG.4 <br> FIG. 4 (left side) |  <br> left view |
| **Perspective.** Overall impression of the claimed base. |  FIG.1 <br> FIG. 1 (perspective) |  <br>  <br> perspective view |

**Chart 2: U.S. Patent No. D1,021,425 is obvious over CN 307952922 S in view of KR 30-0393794 and CN 3557805 D (35 U.S.C. § 103)**

One combination: CN 307952922 S is the primary reference for every view. Chart 2A compares each view of the claimed design with the corresponding view of CN 307952922 S and identifies the differences. Chart 2B shows the one change made for each difference and the reference that supplies it. Chart 2C shows the resulting design.

**Chart 2A: The claimed design compared with the primary reference, view by view**

| View | U.S. Patent No. D1,021,425 (Ex. 7) | Primary reference: CN 307952922 S (Ex. 2) | Comparison |
| --- | --- | --- | --- |
| **Front elevation** (rear identical) |   *FIG.3* FIG. 3 |  主视图 (front view) | **Same:** a framed panel standing on a bottom rail between two short posts that flank the lower part of the frame, with a caster under each post. **Different (frame only):** (a) square, not rounded, top corners; (b) taller and narrower, roughly 2.7:1 overall height to width, not 1.7:1; (c) a narrow central upright divides the frame into two fields. The grid is drawn in broken lines in the '425 Patent and forms no part of the claim, so CN '922's cane infill is not a difference. |

| View | U.S. Patent No. D1,021,425 (Ex. 7) | Primary reference: CN 307952922 S (Ex. 2) | Comparison |
|---|---|---|---|
| **Side elevation** (right side identical) | <br>*FIG.4*<br>FIG. 4 | <br>左视图 (left view) | **Same:** each post meets a solid, tapered support standing on a straight foot bar perpendicular to the panel, with a caster at each end of the foot bar.<br>No modification needed. |
| **Top and bottom plan** | <br>FIG. 5 (top)<br><br>FIG. 6 (bottom) | <br>俯视图 (top view)<br><br>仰视图 (bottom view) | **Same:** two foot bars joined by the panel and rail, forming an H-shaped footprint, with casters at the four foot ends.<br>No modification needed. |
| **Perspective** | <br>*FIG.1*<br>FIG. 1 | <br>立体图 (perspective view) | **Same** overall configuration, apart from differences (a)–(c) in the frame. |

**Supplemental Chart S: U.S. Patent No. D1,021,425 v. YouTube video (Ex. 1), posted October 19, 2022 (state of the art; not part of the Chart 2 combination)**

| View | U.S. Patent No. D1,021,425 (Ex. 7) | YouTube video (Ex. 1), posted Oct. 19, 2022 |
|---|---|---|
| **Front view** |  *FIG.3* FIG. 3 (front) |  front view |
| **Side view** |  *FIG.4* FIG. 4 (left side) |  left view |

| | | |
|---|---|---|
| **Perspective.** Overall impression of the claimed base. | <br><br>*FIG.1*<br>FIG. 1 (perspective) | <br><br>perspective view |

**Chart 2B: The modification of CN 307952922 S**

| Difference from CN '922 | Secondary reference | What the reference shows | Why an ordinary designer would make the change |
|---|---|---|---|
| **(a)** Square top corners | <br>KR 30-0393794 (Ex. 5), 정면도 (front view) | A gridwall product display stand (상품 진열대) with a square-cornered rectangular frame enclosing a grid. JP 1692181 S (Ex. 13), a partition screen published in 2021, shows the same square-cornered frame on braced T-feet; see Chart 3. | Adapting CN '922's movable screen to display merchandise, a designer would use the standard square-cornered gridwall frame of the article being made. |
| **(b)** Taller, narrower proportion | <br>CN 3557805 D (Ex. 6), front view | A freestanding metal grid screen, Locarno class 06-06, roughly 2.6:1 overall height to width. | A taller panel displays more goods in the same floor space; overall proportion is a routine dimensional choice within the range the art shows. |
| **(c)** Central upright dividing the frame | CN 3557805 D (Ex. 6), same view (row above) | The grid field is divided into columns by full-height vertical uprights. | Dividing a tall grid field with vertical uprights is the treatment the grid-screen art already uses; one central upright is the simplest form of it. |

U.S. Patent Nos. D736,548 (Ex. 3) and D842,632 (Ex. 4) are not part of this combination. They are cited only as further evidence that casters at the ends of T-shaped feet and flared plate supports were common in display fixtures before April 25, 2023.

**Chart 2C: Demonstrative: CN 307952922 S as modified (a)–(c), next to the claimed design**

DEMONSTRATIVE. Steps 0–3 are schematic front-view line drawings prepared by counsel to illustrate the modification in Chart 2B. They are not reproductions of any reference. Proportions were measured from the front views of Exhibits 2 and 6, and Steps 0–3 share one scale and a common floor line. The base, posts, and casters are drawn as in CN 307952922 S and are unchanged in every step. Infill is shown in gray because the '425 Patent disclaims the grid.

| **Step 0** | **Step 1** | **Step 2** | **Step 3** | **Claimed design** |
|---|---|---|---|---|
|  |  |  |  |  FIG.3 |
| CN 307952922 S (Ex. 2), front view, drawn schematically: rounded top corners; roughly 1.7:1. | (a) Square-cornered gridwall frame of KR 30-0393794 (Ex. 5). | (b) Proportion of CN 3557805 D (Ex. 6), roughly 2.6:1. | (c) Central upright, following the vertical division in CN 3557805 D (Ex. 6). | U.S. Patent No. D1,021,425, FIG. 3 (Ex. 7). |

**Chart 3: U.S. Patent Nos. D1,021,425 and D1,058,187 v. JP 1692181 S (state of the art; corroborates Chart 2B(a); see Brief §§ I.B, II)**

JP 1692181 S was published August 10, 2021, more than one year before the April 25, 2023 filing date. Its figures are cropped and scaled for side-by-side presentation and not otherwise altered; the A–C markings in Perspective View 1 appear in the original. Exhibit 13-A translates the figure labels.

| View | U.S. Patent Nos. D1,021,425 (Ex. 7) and D1,058,187 (Ex. 8) | JP 1692181 S (Ex. 13), published Aug. 10, 2021 | Comparison |
|---|---|---|---|
| **Perspective** | <br>FIG.1<br>'425 Patent, FIG. 1 | <br>斜視図1 (Perspective View 1) | **Same:** a tall rectangular frame with square top corners; full-height side members standing on straight feet perpendicular to the panel; a triangular brace at each foot.<br>**Different:** no central upright; open strap braces rather than solid plate gussets; flat feet without casters. |
| **Front elevation** | <br>FIG.3<br>'425 Patent, FIG. 3 | <br>正面図 (Front View) | **Square top corners** and a tall proportion, roughly 2:1 overall height to width (claimed design about 2.7:1; CN 307952922 S about 1.7:1).<br>The solid panel inside JP 1692181 S's frame is not a difference: the '425 Patent disclaims everything inside the frame except the central upright. |

| **View** | **U.S. Patent Nos. D1,021,425 (Ex. 7) and D1,058,187 (Ex. 8)** | **JP 1692181 S (Ex. 13), published Aug. 10, 2021** | **Comparison** |
|---|---|---|---|
| **Side elevation** | <br>*FIG.4*<br>'425 Patent, FIG. 4 | <br>右側面図 (Right Side View) | **Same:** an inverted-T profile, with the panel centered on a straight foot and braced on both faces by triangles.<br>**Different:** the claimed braces are solid plates and the feet carry casters. |
| **Base** | <br>*FIG.1*<br>'187 Patent, FIG. 1 (base claimed; panel disclaimed) | <br>B−B、C−C拡大図<br>(Enlarged View at B–B and C–C) | JP 1692181 S's brace is an open triangle joining the full-height upright to a front-to-back foot, with no short post.<br>The '187 Patent claims a short post with a solid plate gusset. CHOEZON DIRECT's base (Ex. 12) follows the JP 1692181 S arrangement, in tubing. |

**EXHIBIT 12**

## COMPARISON CHARTS: CLAIMED DESIGNS AND DEFENDANTS' PRODUCTS

*Liu v. Schedule A Defendants*, No. 2:26-cv-01516-MJH (W.D. Pa.)

Patent figures are reproduced from Exhibits 7 and 8, cropped and scaled. Photographs of Defendants' products are [Exhibit A to the CHOEZON and ZZM Declarations].

**Chart 1: U.S. Patent No. D1,021,425 v. Defendants' products**

| View | U.S. Patent No. D1,021,425 (Ex. 7) | CHOEZON DIRECT (Sch. A No. 3) | ZZM Direct (Sch. A No. 18) |
|---|---|---|---|
| **Perspective** |   FIG. 1 |  |   |
| **Principal visual differences** | — | Arched header panel rather than horizontal header panel; no central vertical member but there are two wide horizontal rod; tubular triangle-shaped legs instead of flat plate gussets. | The accused product includes three horizontal rods, and fixing gaskets at the intersection of two rods, structures absent from the asserted patent. In addition, each support base at the left and right side is trapezoid-shaped instead of triangle-shaped flat plate gussets. |

**Chart 2: U.S. Patent No. D1,058,187 (claimed base) v. Defendants' products**

| View (claimed base only) | U.S. Patent No. D1,058,187 (Ex. 8) | CHOEZON DIRECT base | ZZM Direct base |
|---|---|---|---|
| **Perspective** |   *FIG.1* FIG. 1 |  |   |
| **Principal visual differences** | — | The support based at the left/right side is tubular triangle-shaped legs instead of flat plate gussets. | Each support base at the left and right side is trapezoid-shaped instead of triangle-shaped flat plate gussets. |

**Chart 3: Prior art, claimed designs, and Defendants' products**

| Closest prior art | Claimed design | CHOEZON DIRECT | ZZM Direct |
|---|---|---|---|
|  CN 307952922 S (Ex. 2), front |  FIG.3 D1,021,425 FIG. 3 |  |  |
|  CN 307952922 S (Ex. 2), left view |  FIG.4 D1,058,187 FIG. 4 |  |  |

# EXHIBIT 13

Japanese Design Registration No. 1692181, "Tsuitate" (free-standing partition screen), Design Gazette published August 10, 2021

*English translation follows as Exhibit 13-A.*

（１９）【発行国】日本国特許庁（ＪＰ）
（４５）【発行日】令和３年８月１０日（２０２１．８．１０）
（１２）【公報種別】意匠公報（Ｓ）
（１１）【登録番号】意匠登録第１６９２１８１号（Ｄ１６９２１８１）
（２４）【登録日】令和３年７月２０日（２０２１．７．２０）
（５４）【意匠に係る物品】ついたて
（５２）【意匠分類】Ｄ７－４０
（５１）【国際意匠分類（参考）】Ｌｏｃ（１２）Ｃｌ．６－０６
【Ｄターム】Ｄ７－４０Ｂ
（２１）【出願番号】意願２０２０－１８７７６（Ｄ２０２０－１８７７６）
（２２）【出願日】令和２年９月３日（２０２０．９．３）
（７２）【創作者】
【氏名】桑原　功多
【住所又は居所】岐阜県岐阜市神田町九丁目２７番地　岐阜プラスチック工業株式会社内
（７３）【意匠権者】
【識別番号】００００１００５４
【氏名又は名称】岐阜プラスチック工業株式会社
【氏名又は名称原語表記】ＧＩＦＵ　ＰＬＡＳＴＩＣ　ＫＯＧＹＯ　ＫＡＢＵＳＨＩＫＩ　ＫＡＩＳＨＡ
【住所又は居所】岐阜県岐阜市神田町九丁目２７番地
【審査官】マキロイ　寛済
（５６）【参考文献】意登９２０６１５　ｆｕｒｎｉｔｕｒｅｃａｔａｌｏｇｕｅ'９８、（１９９７－１２－３１）、１４８頁、（特許庁意匠課公知資料番号ＨＣ１０００３８７）
（５５）【意匠の説明】各図面の表面部全面に表された濃淡は、いずれも立体形状を特定するためのものである。

【図面】

【斜視図１】




【斜視図２】



【A－A、B－B拡大図】



【B－B、C－C拡大図】



【D－D、E－E拡大図】



【正面図】



【背面図】



【平面図】



【底面図】



【右側面図】



【左側面図】



**EXHIBIT 13-A**

**ENGLISH TRANSLATION OF JAPANESE DESIGN REGISTRATION NO. 1692181**

| Field | Original | English translation |
|---|---|---|
| Page header | 意匠登録第１６９２１８１号 | Design Registration No. 1692181 |
| (19) 【発行国】 | 日本国特許庁（ＪＰ） | Issuing Country: Japan Patent Office (JP) |
| (45) 【発行日】 | 令和３年８月１０日（２０２１．８．１０） | Issue Date: August 10, 2021 (Reiwa 3) |
| (12) 【公報種別】 | 意匠公報（Ｓ） | Type of Gazette: Design Gazette (S) |
| (11) 【登録番号】 | 意匠登録第１６９２１８１号（Ｄ１６９２１８１） | Registration No.: Design Registration No. 1692181 (D1692181) |
| (24) 【登録日】 | 令和３年７月２０日（２０２１．７．２０） | Registration Date: July 20, 2021 (Reiwa 3) |
| (54) 【意匠に係る物品】 | ついたて | Article to Which the Design Is Applied: tsuitate (free-standing partition screen) |
| (52) 【意匠分類】 | Ｄ７－４０ | Japanese Design Classification: D7-40 |
| (51) 【国際意匠分類（参考）】 | Ｌｏｃ（１２）Ｃｌ．６－０６ | International Design Classification (for reference): Locarno (12th ed.) Class 06-06 |
| 【Ｄターム】 | Ｄ７－４０Ｂ | D-term: D7-40B |
| (21) 【出願番号】 | 意願２０２０－１８７７６（Ｄ２０２０－１８７７６） | Application No.: Design Application No. 2020-18776 (D2020-18776) |
| (22) 【出願日】 | 令和２年９月３日（２０２０．９．３） | Filing Date: September 3, 2020 (Reiwa 2) |
| (72) 【創作者】 【氏名】 | 桑原　功多 | Creator: Name: Kuwahara Kota [reading of given name to be confirmed by translator] |
| 【住所又は居所】 | 岐阜県岐阜市神田町九丁目２７番地　岐阜プラスチック工業株式会社内 | Address: c/o Gifu Plastic Industry Co., Ltd., 9-27 Kanda-machi, Gifu-shi, Gifu Prefecture |
| (73) 【意匠権者】 【識別番号】 | ０００１００５４ | Design Right Holder: Identification No. 000010054 |

| Field | Original | English translation |
|---|---|---|
| 【氏名又は名称】 | 岐阜プラスチック工業株式会社 | Name: Gifu Plastic Industry Co., Ltd. |
| 【氏名又は名称原語表記】 | ＧＩＦＵ　ＰＬＡＳＴＩＣ　ＫＯＧＹＯ　ＫＡＢＵＳＨＩＫＩ　ＫＡＩＳＨＡ | Name in Original Language (romanized): GIFU PLASTIC KOGYO KABUSHIKI KAISHA |
| 【住所又は居所】 | 岐阜県岐阜市神田町九丁目２７番地 | Address: 9-27 Kanda-machi, Gifu-shi, Gifu Prefecture |
| 【審査官】 | [as printed in original] | Examiner: [name as printed in original; translator to complete] |
| (56) 【参考文献】 | 意登９２０６１５　ｆｕｒｎｉｔｕｒｅｃａｔａｌｏｇｕｅ′９８、（１９９７－１２－３１）、１４８頁、（特許庁意匠課公知資料番号ＨＣ１０００３８７） | References Cited: Design Registration No. 920615; "furniture catalogue '98" (December 31, 1997), p. 148 (Japan Patent Office Design Division Known Material No. HC10000387) |
| (55) 【意匠の説明】 | 各図面の表面部全面に表された濃淡は、いずれも立体形状を特定するためのものである。 | Description of the Design: The shading shown over the entire surface of each drawing serves to identify the three-dimensional shape. |
| 【図面】 | | Drawings |

**Views**

| Original label | English translation |
|---|---|
| 【斜視図１】 (page 2, top) | Perspective View 1 |
| 【斜視図２】 (page 2, bottom) | Perspective View 2 |
| 【Ａ－Ａ、Ｂ－Ｂ拡大図】 (page 3, top) | Enlarged View at A–A and B–B |
| 【Ｂ－Ｂ、Ｃ－Ｃ拡大図】 (page 3, bottom) | Enlarged View at B–B and C–C |
| 【Ｄ－Ｄ、Ｅ－Ｅ拡大図】 (page 4, top) | Enlarged View at D–D and E–E |
| 【正面図】 (page 4, bottom) | Front View |
| 【背面図】 (page 5, top) | Rear View |

| Original label | English translation |
|---|---|
| 【平面図】 (page 5, bottom) | Top Plan View |
| 【底面図】 (page 6, top) | Bottom Plan View |
| 【右側面図】 (page 6, bottom) | Right Side View |
| 【左側面図】 (page 7) | Left Side View |