**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIANGCHUAN LIU, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:26-cv-01516-MJH |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| SCHEDULE A DEFENDANTS, | ) | |
| Defendants. | ) | |

**DEFENDANT URBAN DECO US'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TO THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Defendant Urban Deco US (Schedule A No. 9) ("Urban Deco"), through undersigned counsel, responds to Plaintiff's *Ex Parte* Motion (ECF No. 10) and the Court's Order to Show Cause (ECF No. 28 § II), and states as follows:

1. Plaintiff seeks to convert the Temporary Restraining Order entered without notice on October 8, 2026 (ECF No. 28) ("TRO") into a preliminary injunction against Urban Deco based on U.S. Design Patent Nos. D1,021,425 and D1,058,187. Urban Deco opposes.

2. Plaintiff is not likely to succeed on the merits. Chinese Design Patent CN 307952922 S, published April 7, 2023, and a YouTube video posted October 19, 2022 each anticipate U.S. Design Patent No. D1,058,187 and render it obvious. These references raise a substantial question of that patent's validity.

3. Plaintiff has not shown that Urban Deco's product is likely to infringe. Plaintiff offered no defendant-specific comparison, and Urban Deco's gridwall stand, which has no gussets, tall side posts, and arched feet, differs in overall appearance from the claimed designs.

4. Plaintiff has not shown irreparable harm. His declaration contains no sales, market, or customer evidence, and any injury is compensable in money.

5. The balance of hardships and the public interest weigh against an injunction.

6. The TRO exceeded the fourteen-day limit of Fed. R. Civ. P. 65(b)(2) on October 22, 2026, without a good-cause extension or Urban Deco's consent; the restraint on Urban Deco's funds is barred by *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999); Urban Deco is misjoined under 35 U.S.C. § 299; and the $5,000 bond is inadequate under Fed. R. Civ. P. 65(c).

7. In the alternative, if any injunction issues, the asset restraint must be narrowed. Urban Deco's gross sales under the three accused ASINs totaled $9,622.73, on which it made about $560 in net profit, yet Amazon is restraining $103,059.02 in its seller account, at least $93,436.29 of which cannot be proceeds of the accused products. No measure of patent recovery available to Plaintiff could approach that sum. Any restraint should be capped at Urban Deco's revenue from the accused ASINs, and Amazon should be directed to release the excess.

8. The grounds for this Response are set forth in the accompanying Brief in Opposition and its exhibits, and in the Declaration of Junhao He, all filed herewith and incorporated by reference.

9. Urban Deco appears to oppose the requested injunction and does not waive, and expressly preserves, all defenses under Fed. R. Civ. P. 12(b), including lack of personal jurisdiction, insufficient service of process, and misjoinder.

WHEREFORE, Urban Deco respectfully requests that the Court enter the attached proposed order (a) declining to enter a preliminary injunction against it; (b) dissolving the TRO as to it and directing Plaintiff, within two business days, to notify Amazon and all other recipients of the TRO that the restraints are lifted; and (c) in the alternative, if any injunction issues, entering the attached alternative proposed order, which limits any restraint to the accused

ASINs, caps any restraint on Urban Deco's funds at its total revenue from those ASINs, directs Amazon to release all restrained funds above that amount, and increases the bond.

Dated: November 2, 2026

Respectfully submitted,

/s/ Li Liu
Li Liu (CA 362408)
Admitted pro hac vice
LAW OFFICE OF LI LIU
453 S Spring St, Ste 400, PMB 1502
Los Angeles, CA 90013
Telephone: (213) 685-2164
Facsimile: None
Email: sharonliu@slcrossborderlaw.com

*Counsel for Defendant Urban Deco US*

**CERTIFICATE OF SERVICE**

I hereby certify that on Nov. 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Li Liu

Li Liu, Esq