**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIANGCHUAN LIU, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:26-cv-01516-MJH |
| | ) | |
| SCHEDULE A DEFENDANTS, | ) | Judge Marilyn J. Horan |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT URBAN DECO US'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TO THE ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Defendant Urban Deco US (Schedule A No. 9) ("Urban Deco") submits this brief in opposition to Plaintiff's request for a preliminary injunction (ECF No. 10) and in response to the Court's October 8, 2026 Order to Show Cause (ECF No. 28 ("TRO") § II).[1]

## INTRODUCTION

Plaintiff asks the Court to convert an ex parte TRO into a preliminary injunction against Urban Deco, a small Amazon seller, based on two design patents for a rolling gridwall display stand, a fixture that retailers and craft-fair vendors have used for decades. He has carried his burden on neither gateway factor.

*First*, U.S. Patent No. D1,058,187 (the "'187 Patent") faces a substantial question of validity. It disclaims the entire panel and claims only a base. A Chinese design registration published April 7, 2023, eighteen days before Plaintiff's earliest filing date, shows the same base, as does a video posted online six months earlier. The examiner considered none of this art.

[1] Urban Deco appears to oppose the requested injunction and does not waive, and expressly preserves, all defenses under Fed. R. Civ. P. 12(b), including lack of personal jurisdiction, insufficient service of process, and misjoinder under 35 U.S.C. § 299. Urban Deco's arguments concerning the '187 Patent (Part I) are the same as those presented by Defendants CHOEZON DIRECT and ZZM Direct (ECF No. 38).

*Second*, Plaintiff never compared Urban Deco's product to either patent, and side by side it looks different: Urban Deco's stand has no gussets at all, its posts are tall rather than short, and its feet are arched rather than straight. *Third*, Plaintiff offers no evidence of irreparable harm, only a five-page declaration borrowing the vocabulary of trademark counterfeiting. The Federal Circuit recently affirmed this District's rejection of an equivalent showing. *Jacki Easlick, LLC v. CJ Emerald*, Nos. 2024-1538, -1826, slip op. at 9–11 (Fed. Cir. Aug. 14, 2026) (nonprecedential). *Finally*, the TRO has outlived Rule 65(b)(2), its asset restraint lacks a legal basis, and its $5,000 bond is inadequate. At a minimum, Amazon should not be holding more than $103,000 of Urban Deco's money to secure a claim on about $9,600 in accused-product sales; if any restraint continues, the excess should be released.

## BACKGROUND

### A. The Patents-in-Suit

U.S. Patent No. D1,021,425 (the "'425 Patent") issued April 9, 2024 from an application filed April 25, 2023. Its solid lines claim a tall rectangular frame divided by a narrow central upright; two short posts at the frame's lower sides, each meeting a solid, quasi-triangular plate gusset on a square-tube foot bar; and four swivel casters. The grid is drawn in broken lines and disclaimed. (Ex. 7, FIGS. 1–11.) The '187 Patent, a continuation filed March 5, 2024 and issued January 21, 2025, disclaims the panel, upper frame, grid, and casters, leaving only two short posts, a rail joining their lower ends, a solid, quasi-triangular plate gusset at the foot of each post, and a foot bar under each post. (Ex. 8, FIGS. 1–6.)[2]

[2] Exhibits cited as "Ex." are filed herewith. Citations to "Urban Deco Decl." are to the Declaration of Junhao He, filed herewith. Citations to "ECF No." are to this Court's docket, with page and paragraph references to the filed documents.

### B. The Prior Art

None of the following references was before the examiner: Chinese Design Patent CN 307952922 S ("CN '922"), a movable floor screen published April 7, 2023 (Ex. 2); U.S. Patent No. D842,632 ("Fenimore"), a panel display stand issued in 2019 (Ex. 4); Korean Design Registration No. 30-0393794 ("KR '794"), a gridwall product display stand published in 2005 (Ex. 5); and Japanese Design Registration No. 1692181 ("JP '181"), a free-standing partition screen published August 10, 2021 (Ex. 13). Exhibit 1 is a YouTube video (video ID Uwg4R62yju4), posted October 19, 2022, showing a black metal gridwall panel standing between two short posts on wheeled T-shaped feet with plate gussets. Side-by-side comparisons appear in Exhibit 11.

### C. The Accused Product and the TRO

Urban Deco sells a black gridwall display stand under ASINs B0CS6KWRN7, B0CS6LFCGD, and B0CS6J7Q53, which offer the same stand in one-, two-, and three-set packs. From September 8, 2025, through October 26, 2026, Urban Deco sold 219 units under the three ASINs, for total gross sales of $9,622.73 and a net profit of about $560. (Urban Deco Decl. ¶ 4.) It has sold none since October 12, 2026. (*Id.* ¶ 8.) On October 8, 2026, the Court entered the TRO without notice and continued it to the November 10, 2026 show-cause hearing. (ECF No. 28 §§ I.A.9, II.A.) The Court declined Plaintiff's proposed fund-freeze provisions and his proposed finding that Pennsylvania law permits a prejudgment asset restraint. (*Compare* ECF No. 10-1 at 4 ¶ 8, ¶¶ I.A.7–9, I.A.12, *with* ECF No. 28 § I.) Amazon nonetheless removed Urban Deco's listings and restrained $103,059.02 in its seller account, more than ten times its gross sales of the accused products. (Urban Deco Decl. ¶¶ 5–6; Ex. 10.)

## LEGAL STANDARD

A preliminary injunction requires "a clear showing" of entitlement. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The movant must first establish likelihood of success and irreparable harm. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Federal Circuit law governs the patent-specific questions. *Easlick*, slip op. at 3–4. If the accused infringer raises a substantial question of validity or infringement, no injunction should issue unless the patentee shows the defense "lacks substantial merit." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001); *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377–79 (Fed. Cir. 2009). The ex parte TRO does not constrain that analysis. *Easlick*, slip op. at 10.

## ARGUMENT

### I. THE '187 PATENT FACES A SUBSTANTIAL QUESTION OF VALIDITY

A prior design anticipates if an ordinary observer would regard it as substantially the same as the claimed design. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009). Obviousness is judged from the view of an ordinary designer under the flexible *Graham* framework; the primary reference need not be "basically the same," and designs from the same field of endeavor are analogous art. *LKQ Corp. v. GM Global Tech. Operations LLC*, 102 F.4th 1280, 1295–1300 (Fed. Cir. 2024) (en banc). Functional features, such as casters for mobility, feet and gussets for stability, and a grid for hanging goods, carry no ornamental weight. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

#### I. CN '922 and the 2022 Video Each Anticipate, and Render Obvious, the '187 Patent

CN '922 was published April 7, 2023, before the '187 Patent's earliest claimed date of April 25, 2023, by an unrelated Foshan furniture maker. It is prior art under 35 U.S.C. §

102(a)(1), and no § 102(b)(1) exception applies. It shows each element of the claimed base (Ex. 11, Chart 1): two short posts flanking the lower part of the panel and rising about a quarter of its height (front and rear views); a rail spanning between the posts beneath the panel (front and perspective views); each post widening into a tapered support where it meets the foot (left and right views); and a straight foot bar perpendicular to the panel under each post, producing an H-shaped footprint (top and bottom views). CN '922's rounded panel, cane infill, and casters are irrelevant because the '187 Patent disclaims the panel and casters. If Plaintiff relies on small differences in proportion or member thickness, those differences cut equally against infringement: "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889).

The YouTube video posted October 19, 2022, six months before Plaintiff's earliest filing date, independently anticipates. It shows the claimed base built in black steel beneath a gridwall panel: two short posts flanking the lower part of the panel, a rail spanning between them, a flat plate gusset where each post meets its foot, and a straight foot bar perpendicular to the panel under each post. (Ex. 1; Ex. 11, Chart 1A.) A video posted publicly online is a disclosure "otherwise available to the public." 35 U.S.C. § 102(a)(1). The exception for an inventor's own disclosure, § 102(b)(1)(A), does not apply: Plaintiff dates his own design work to 2023 and 2024 (ECF No. 10-2 ¶ 3), after the video was posted.

At a minimum, the design would have been obvious. CN '922's tapered supports already present the same quasi-triangular profile as the claimed gussets. (Ex. 11, Chart 1.) To the extent the Court sees a difference because the claimed gussets are flat plates, the video and Fenimore show flat plate supports. (Ex. 11, Chart 1A; Ex. 4, FIG. 2.) *LKQ*, 102 F.4th at 1299–1300. The

examiner considered none of this art, *see Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 110–11 (2011), and Plaintiff cannot show that this defense lacks substantial merit.

## II. PLAINTIFF HAS NOT SHOWN LIKELY INFRINGEMENT

Infringement asks whether an ordinary observer, familiar with the prior art, would be deceived into purchasing the accused product believing it to be the patented design. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670, 678 (Fed. Cir. 2008) (en banc). In a crowded field, small differences matter. *Id.* at 676. Plaintiff offers no defendant-specific comparison, only his opinion that "each" Defendant's product infringes (ECF No. 10-2 ¶ 12) and his counsel's statement that he "or someone acting under [his] direction" reviewed the listings (ECF No. 10-3 ¶ 8). The two declarations do not even agree on what Exhibit C contains (*compare* ECF No. 10-2 ¶ 12, *with* ECF No. 10-3 ¶ 7), and Schedule A lists one seller and ASIN twice (ECF No. 28 at 12–13, Nos. 16, 27).

Urban Deco's product looks different. (Ex. 12.) The claimed designs' most prominent ornamental feature, a large, solid, quasi-triangular plate gusset at the foot of each post, is absent: each of Urban Deco's uprights meets its foot at a bare right angle, with no gusset, plate, or brace of any kind. Its posts are not short stubs; they rise along the sides of the grid to nearly half of the stand's height, compared with about one-sixth in the patents. (*Compare* Ex. 7, FIG. 3, *with* Ex. 12, Chart 1.) Its feet are not straight bars with casters mounted beneath; each is an arched tube whose ends turn down in rounded bends to the casters. And its display is not a single frame divided by a narrow central upright, but two separate one-foot gridwall panels, each with its own frame, bolted together edge to edge with visible connector plates. Because the features the product shares with the patents (a frame, a grid, T-feet, casters) are old and functional, these differences are what an ordinary observer would notice. Plaintiff cannot have it both ways: if the

'187 Patent, which claims only the base, were broad enough to reach a base with no gusset, tall posts, and arched feet, nothing would remain of the claim but posts on T-feet, which gridwall stands had long before Plaintiff's filing (Exs. 1, 5, 13), and the claim would be invalid; if it is limited to what it shows, a solid plate gusset on a short post above a straight foot, joined by a rail, Urban Deco does not infringe. (*See* Ex. 12, Charts 2–3.)

## III. PLAINTIFF HAS NOT SHOWN IRREPARABLE HARM

Irreparable harm is not presumed. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–94 (2006); *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1148–49 (Fed. Cir. 2011). Plaintiff must show harm and "a sufficiently strong causal nexus" to the infringement, *Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1374 (Fed. Cir. 2012), with more than "conclusory statements and theoretical arguments," *Apple Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012).

Plaintiff's declaration names no specific product he sells, no product embodying either patent, no sales figure, and no lost customer. It offers a $200,000 estimate of development and promotion costs, an assertion of "great commercial success," and boilerplate about harm to "my Brand." (ECF No. 10-2 ¶¶ 3–4, 9–11.) The Federal Circuit affirmed this District's rejection of the same kind of showing. *Easlick*, slip op. at 10–11. The TRO's findings about consumers "misled" by "substandard goods" (ECF No. 28 ¶¶ 5, 7) were proposed ex parte and track trademark-counterfeiting cases; Plaintiff asserts no trademark and offers no evidence of confusion. Any harm is compensable: Amazon records every sale, and Plaintiff's own request for an asset freeze to secure a judgment (ECF No. 10-1 at 4 ¶ 8) concedes that his injury is monetary. And the monetary stake here is small: Urban Deco's gross sales of the accused products totaled $9,622.73, on which it made about $560 in net profit, and it has made no sales of them since October 12,

2026. (Urban Deco Decl. ¶¶ 4, 8.) With more than thirty other sellers named, including VEVOR, Plaintiff cannot show that enjoining one of them would prevent any harm.

## IV. THE BALANCE OF HARDSHIPS AND THE PUBLIC INTEREST WEIGH AGAINST AN INJUNCTION

The TRO has already frozen $103,059.02 of Urban Deco's funds, at least $93,436.29 of which cannot be proceeds of the accused products. It has left Urban Deco unable to pay its suppliers and employees and has cost its listings sales rank and reviews. (Urban Deco Decl. ¶¶ 5, 7.) Plaintiff's only cognizable injury is monetary. The public interest favors competition in old and functional designs and is not served by enforcing a likely invalid patent, or patents against a product that likely does not infringe them, on a one-sided record.

## V. THE TRO SHOULD BE DISSOLVED AND ANY RELIEF NARROWED

**A. The TRO has expired.** A TRO issued without notice may not exceed fourteen days absent a good-cause extension or consent. Fed. R. Civ. P. 65(b)(2); *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020). The TRO was entered October 8, 2026, so that period ended October 22. Its continuation to November 10 contains no good-cause finding, and Urban Deco has not consented. A TRO kept in force beyond the Rule's limit operates as a preliminary injunction, *Sampson v. Murray*, 415 U.S. 61, 86–88 (1974), which cannot issue without notice, Fed. R. Civ. P. 65(a)(1). Ex parte restraints must last "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

**B. No asset restraint is permitted.** A court may not freeze a defendant's assets before judgment in an action for money damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Although the Court declined Plaintiff's fund freeze, the

TRO's restraint on "Defendants' Assets" (ECF No. 28 ¶¶ I.A.2, I.B.1) has led Amazon to hold all of Urban Deco's funds. Any further order should exclude funds altogether.

**C. Alternatively, any restraint on Urban Deco's funds must be capped at its revenue from the accused products.** Even where a prejudgment restraint is permitted, it may reach only the funds needed to secure an equitable recovery, not the defendant's assets generally. In a patent case in this District, the court held that a blanket freeze exceeded the close nexus that *Grupo Mexicano* requires and ordered that "all funds allegedly arising from the sale of the allegedly infringing products shall be frozen—but no more." *LKRB Indus., LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi*, No. 2:24-cv-1601, ECF No. 178, slip op. at 39–40 (W.D. Pa. Feb. 18, 2025). Another judge of this Court requires "a specific showing linking the amount of assets to the amount of disgorgement at issue," so that any freeze "is narrowly tailored to the amount needed to satisfy a disgorgement award." *In re "Schedule A" Cases*, No. 2:25-cv-926, Standing Order (W.D. Pa. July 10, 2025); *see also Forcel Media Ltd. v. DecYI*, No. 2:25-cv-750, 2025 WL 1665586 (W.D. Pa. June 12, 2025) (denying freeze of all accounts as "far too broad").

That ceiling is low here. Plaintiff asserts only design patents. The only remedy that could arguably support a freeze is disgorgement of Urban Deco's "total profit" under 35 U.S.C. § 289, and profit cannot exceed revenue. Anything else Plaintiff might seek, whether damages under 35 U.S.C. § 284, enhanced damages, attorney's fees, or any other claim for money, is a claim in which he has no equitable interest, and it cannot support a freeze. *Grupo Mexicano*, 527 U.S. at 333. Urban Deco's Amazon Seller Central sales reports show that from September 8, 2025, through October 26, 2026, its gross sales under the three accused ASINs, before any fees or costs, totaled $9,622.73 on 219 units, and its net profit on those sales was about $560. (Urban Deco

Decl. ¶ 4.) Urban Deco has made no sales under those ASINs since October 12, 2026, so the figure will not grow. (*Id.* ¶ 8.) Amazon is restraining $103,059.02, so at least $93,436.29 of the restrained funds cannot be proceeds of the accused products. (*Id.* ¶ 5.) Because the $9,622.73 figure is gross revenue, more than seventeen times Urban Deco's actual profit, it overstates any possible § 289 award and leaves nothing to dispute about cost deductions. If the Court enters any injunction, it should cap the restraint on Urban Deco's funds at $9,622.73, direct Amazon to release the balance within five business days, and require Plaintiff to serve the order on Amazon within two business days. If Plaintiff disputes the figure, the Court can resolve it at the November 10 hearing. *See LKRB*, slip op. at 39–40 (directing the parties to confer on the amount and, failing agreement, holding an evidentiary hearing).

**D. Urban Deco is misjoined.** Accused infringers may be joined only for "the same accused product" and "may not be joined . . . based solely on allegations that they each have infringed the patent." 35 U.S.C. § 299(a)–(b). Plaintiff joins more than thirty unrelated sellers of different products on four platforms, linked only "on information and belief." (ECF No. 10-3 ¶ 10.) Courts dismiss misjoined Schedule A design-patent defendants on such a showing. *See In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012). Urban Deco reserves its right to move under Rule 21; misjoinder is a further reason not to extend relief against it.

**E. The bond is inadequate.** The Rule 65(c) bond requirement is "almost mandatory." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 426 (3d Cir. 2010). Spread across thirty-five Schedule A entries, $5,000 is about $143 each. Any continued restraint should be conditioned on a bond no less than the amount of Urban Deco's funds that remains restrained.

## CONCLUSION

The Court should (1) decline to enter a preliminary injunction against Urban Deco; (2) dissolve the TRO as to Urban Deco and order Plaintiff, within two business days, to notify Amazon and all other recipients that all restraints on Urban Deco's storefront, listings, inventory, and funds are lifted; and (3) alternatively, if any injunction issues, limit it to the accused ASINs, cap any restraint on Urban Deco's funds at $9,622.73, its gross sales of the accused products, direct Amazon to release all restrained funds above that amount within five business days, and condition any continued restraint on an adequate bond.

Dated: November 2, 2026

Respectfully submitted,

/s/ Li Liu
Li Liu (CA 362408)
Admitted *pro hac vice*
LAW OFFICE OF LI LIU
453 S Spring St, Ste 400, PMB 1502
Los Angeles, CA 90013
Telephone: (213) 685-2164
Facsimile: None
Email: sharonliu@slcrossborderlaw.com

*Counsel for Defendant Urban Deco US*

## CERTIFICATE OF SERVICE

I hereby certify that on Nov. 2, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Li Liu

Li Liu, Esq.