**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIANGCHUAN LIU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:26-cv-01516-MJH<br><br>Judge Marilyn J. Horan |

**DEFENDANTS CHOEZON DIRECT, URBAN DECO US, AND ZZM DIRECT'S MOTION FOR LEAVE FOR COUNSEL TO APPEAR BY VIDEOCONFERENCE AT THE NOVEMBER 10, 2026 SHOW-CAUSE HEARING**

Defendants CHOEZON DIRECT (Schedule A No. 3), Urban Deco US (Schedule A No. 9), and ZZM Direct (Schedule A No. 18) (together, "Moving Defendants") respectfully move for leave for their counsel, Li Liu, to appear and present argument by video conference (or by telephone if video is unavailable) at the hearing on the Court's Order to Show Cause set for November 10, 2026, at 11:00 a.m. (ECF No. 28 § II.A). In support, Moving Defendants state as follows:

1. The Court's October 8, 2026 Order directs Defendants to show cause in Courtroom 8A of the Joseph F. Weis, Jr. United States Courthouse on November 10, 2026, at 11:00 a.m., "or at such other time that this Court deems appropriate," why a preliminary injunction should not issue. (ECF No. 28 § II.A.)

2. Moving Defendants have appeared through counsel and have filed their written oppositions, with supporting materials. (ECF Nos. 37, 38 (CHOEZON DIRECT and ZZM Direct); ECF Nos. 43, 44 (Urban Deco US).) The Court admitted undersigned counsel pro hac vice on behalf of each of them. (ECF Nos. 36, 42.) Moving Defendants will appear at the hearing through counsel to oppose the requested injunction.

3. On October 19, 2026, the Court granted the same relief to counsel for another Schedule A defendant, Asee'm, permitting counsel to appear at this hearing "by video conference (or telephone if video is unavailable)." (ECF No. 33 (granting ECF No. 31).) Moving Defendants respectfully ask for the same treatment.

4. Undersigned counsel practices in Los Angeles, California; the hearing begins at 8:00 a.m. Pacific Time. Attending in person would require counsel to travel across the country and spend at least two days away from counsel's practice, at a cost to Moving Defendants that is out of proportion to a hearing on fully briefed papers.

5. The issues at the hearing are legal and documentary: whether Plaintiff has shown a likelihood of success on its design patents, which turns on comparing the patent drawings with the accused products and the prior art, and the proper scope of any restraint. That material is already in the record. Moving Defendants do not intend to present live testimony. Counsel can present argument fully by video and will direct the Court to exhibits by ECF number and page.

6. A remote appearance will not prejudice Plaintiff or delay the hearing. Counsel will contact the Courtroom Deputy no later than two business days before the hearing for connection instructions; will test the connection in advance if the Court wishes; will appear on camera from a quiet, professional setting; will remain reachable by telephone as a backup; and will not record, photograph, or broadcast any part of the proceeding.

7. The Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see* Fed. R. Civ. P. 1. Permitting counsel to appear remotely at a hearing on fully briefed papers serves those ends.

8. On October 21, 2026, undersigned counsel, on behalf of CHOEZON DIRECT and ZZM Direct, emailed Plaintiff's counsel to request Plaintiff's position on counsel's appearance at the hearing by videoconference. Having received no response to that request, undersigned counsel sent a follow-up email on November 3, 2026. As of the filing of this motion, undersigned counsel has not received a response to either email. Accordingly, the parties have not discussed the requested relief, and Plaintiff's position remains unknown.

9. Because the hearing is one week away, Moving Defendants state under Paragraph 2.b.i of the Standing Order that resolution of this motion is urgent, and respectfully ask the Court to rule at its earliest convenience.

10. Moving Defendants appear to oppose the requested injunction and do not waive, and expressly preserve, all defenses under Fed. R. Civ. P. 12(b), including lack of personal jurisdiction, insufficient service of process, and misjoinder.

WHEREFORE, Moving Defendants respectfully request that the Court enter the attached proposed order permitting their counsel, Li Liu, to appear and present argument by video conference (or by telephone if video is unavailable) at the November 10, 2026 show-cause hearing and at any continuation of it.

Dated: November 4, 2026

Respectfully submitted,

/s/ Li Liu
Li Liu (CA 362408)
Admitted pro hac vice
LAW OFFICE OF LI LIU
453 S Spring St, Ste 400, PMB 1502
Los Angeles, CA 90013
Telephone: (213) 685-2164
Email: sharonliu@slcrossborderlaw.com

*Counsel for Defendants CHOEZON DIRECT, Urban Deco US, and ZZM Direct*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2026, I electronically filed the foregoing motion and its proposed order with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Li Liu
Li Liu, Esq.