IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jiangchuan Liu,<br>Plaintiff,<br>v.<br>Asee'm et al.,<br>Defendants. | Civil Case No.: 2:26-cv-01516-MJH<br>**PATENT OWNER'S REPLY TO DEFENDANT ASEE'M'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

| | |
|---|---|
|  |  |
| *Plaintiff's patented design* | *Defendant Asee'm's product* |

A picture is worth a thousand words; a side-by-side comparison of Plaintiff's patented design and Defendant Asee'm's product is provided above for the Court's ease of reference.

**A. INTRODUCTION**

Defendant Chinese Reseller Asee'm raises three issues: (1) the Court lacks personal jurisdiction over it; (2) both patents-in-suit are anticipated by the alleged prior art; and (3) Defendant Asee'm purports to own a patent of its own. None has merit.

First, as shown in the accompanying sales records, Defendant Asee'm has sold infringing products into this District; thus, personal jurisdiction exists.

Second, a patent is invalid for anticipation if a single prior art reference discloses *each and every limitation* of the claimed invention. Here, the references cited by Defendant Asee'm simply do not disclose "*each and every limitation*" of Plaintiff's patented designs.

Third, Defendant Asee'm conflates the right to practice its own patent with Plaintiff's right to exclude it from practicing Plaintiff's patent. Plaintiff Patent Owner's right to exclude others from practicing his patented technologies stands, regardless of whether an accused infringer has a different patent of its own or not.

**B. DISCUSSION**

**I. Personal Jurisdiction over Defendant Asee'm Exists.**

Defendant Asee'm having sold and delivered the accused products in this District (Hung Decl., Ex. A), this Court has personal jurisdiction over Defendant Asee'm.

**II. Defendant Asee'm Fails To Rebut The Statutory Presumption Of Patent Validity By Clear And Convincing Evidence.**

"Design patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity

that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020).

Here, Plaintiff's '187 and '425 patents must be presumed valid unless Defendant Asee'm carries its burden of proving by "clear and convincing" evidence that Plaintiff's '187 and '425 patents are anticipated by the two YouTube videos it cited.

Here, Defendant Asee'm fails to meet its burden of proof for at least the following reasons.

First, as a threshold matter, neither proffered video has been authenticated. It is judicially noticeable that a YouTube video can be edited after its initial upload.[1] Thus, without any authentication as to the video's publication date, the two cited videos have not been properly authenticated and should not be considered as evidence.

Second, neither video anticipates Plaintiff's patented designs.

"'Anticipation' means that the claimed invention was previously known, and that all of the elements and limitations of the claim are described in a single prior art reference." *Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1319 (Fed. Cir. 2007); *see Akzo N.V. v. U.S. Int'l Trade Comm'n*, 808 F.2d 1471, 1479 (Fed. Cir. 1986) ("Under 35 U.S.C. § 102, anticipation requires that each and every element of the claimed invention be disclosed in a prior art reference.").

***First***, Defendant Asee'm baselessly asserts that the First Video discloses an "arched gridwall," while the First Video does not even show the top portion of the item displayed. It is thus incorrect to argue that the First Video anticipates Plaintiff's patented designs.

---

[1] https://support.google.com/youtube/answer/57404?sjid=5322143379517928626-NC&visit_id=639298729106007179-2927804707&rd=1

| | |
|---|---|
|  |  |
| ***The First Video*** | ***Plaintiff's patented design*** |

Second, the Second Video shows a "I-I" shaped design that is patently different from and thus does not disclose "all of the elements and limitations" of Plaintiff's patented designs.

| | |
|---|---|
|   |  |
| ***The Second Video*** | ***Plaintiff's patented design*** |

In sum, Defendant Asee'm's patent-invalidity argument fails, because Defendant Asee'm fails to meet its burden of proof by clear and convincing evidence that either of the two YouTube videos it cited discloses "all of the elements and limitations" of Plaintiff's patented designs.

**III. Defendant Asee'm Conflates The Right To Practice One's Own Patent With Plaintiff's Right To Exclude.**

Patent rights are only rights to exclude, not rights to practice. *See* 5 *Chisum on Patents* § 16.02[1]. Among the "clearly established principles" of patent law are that "the government did not confer on the patentee the right himself to make, use or vend his own invention" and "in its essence all that the government conferred by the patent was the right to exclude others from making, using or vending his invention." *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 35 (1923).

Thus, regardless of whether Defendant Asee'm has a patent of its own or not, Plaintiff has the right to exclude Defendant Asee'm from practicing Plaintiff's patented design.

Next, Defendant's purported patent ownership lacks factual foundation. The patent cited by Defendant Asee'm is owned by an individual called "Liqing Yan"; while Defendant Asee'm appears to be a corporation or LLC. Whether third-party individual "Liqing Yan" owns the cited patent or not has little to do with whether Defendant Asee'm infringes Plaintiff's '187 and '425 patents.

Last, Defendant Asee'm concedes that the cited patent is not prior art, because it was filed after the effective filing date of Plaintiff's '187 and '425 patents.

In sum, whether Defendant Asee'm owns a patent or not is irrelevant here.

### IV. Defendant Asee'm's Lack Of Irreparable Harm And Public Interest Arguments Are Waived And In Any Case Incorrect.

First, "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). Here, Defendant Asee'm waived its public interest argument because it argues for the sole sake of arguing without applying any law to the specific facts in this case.

Second, Defendant's public interest argument is simply incorrect.

"[A] court ought not reward a business built on an infringing product by allowing that infringement to continue in the face of a proper application for preliminary relief." *Advanced Communication Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. App'x 964, 984-85 (Fed. Cir. 2002). In the *Advanced Communication Design* case, the Federal Circuit found in favor of a preliminary injunction in a patent infringement case, despite a claim that the injunction would effectively put the alleged infringer out of business. The Federal Circuit reasoned that preliminary injunction was favored because the patentee had lost business, goodwill, and sales opportunities, and it was possible that the alleged infringer had already benefitted at the patentee's expense.

Here, Defendant Asee'm fails to address any of these factors the Federal Circuit enumerated, but claims only that Plaintiff's patents are invalid. This invalidity argument having been shown as lacking merit, Defendant's public interest argument necessarily fails.

## C. CONCLUSION

Having failed to rebut the statutory presumption that Plaintiff's patented designs are valid with any admissible evidence, let alone by clear and convincing evidence, Defendant Asee'm's invalidity argument should be rejected. So should its lack of personal jurisdiction argument,

because documentary evidence shows that Defendant Asee'm has sold and delivered the accused product into this District.

The preliminary injunction should thus issue against Defendant Asee'm.

Date: November 9, 2026

Respectfully submitted,

*/s/ Zheng "Andy" Liu*
Zheng "Andy" Liu (CA-279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*