**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JIANGCHUAN LIU,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01516-MJH |

**REPLY TO DEFENDANTS 16, 17 AND 20'S OPPOSITION (Dkt. 45) TO**

**<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

## A. THE SIDE-BY-SIDE COMPARISONS

A side-by-side comparison of Plaintiff's patented design and the accused products is shown below.

| *Plaintiff's patented design* | *The accused products* | *Defendant No.* |
|---|---|---|
|  |  | *Defendant 16* |

| | | |
|---|---|---|
|  |  | ***Defendant 17*** |
|  |  | ***Defendant 20*** |

**B. THE LEGAL STANDARD**

As required by 35 U.S.C. § 282, "[d]esign patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020).

"Precedent is clear that the standard is the likelihood of success of the plaintiff at

trial, *with recognition of the presumptions and burdens." Id.* (citing *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005); *Ranbaxy Pharms., Inc. v. Apotex, Inc.*, 350 F.3d 1235, 1239 (Fed. Cir. 2003); *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994); *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1579 (Fed. Cir. 1983)).

## C. DISCUSSION

### I. Group III Defendants' Purported Misjoinder Authority Is Misplaced.

Here, Defendants argue that Judge Ranjan's standing order renders Plaintiff's complaint defective.

First, one district judge's standing order, however, has no precedential effect over another district judge.

Second, the Third Circuit has reversed that standing order in *Wood v. Eiazuiks*, No. 25-2340, 2026 LX 200783 (3d Cir. May 19, 2026).

Third, Defendants cited no authority denying a preliminary injunction based on allegedly defective allegations stated in a Complaint. Rather, injunctions are granted or denied based on evidence by way of declaration or witness testimony. *Bilfinger Berger AG Sede Secondaria Italiana v. United States*, 94 Fed. Cl. 389, 392 (2010) ("When injunctive relief is warranted, it will only be issued upon a showing by a preponderance of the admissible evidence.")

Fourth, even assuming Defendants are correct (which they are not), Defendants have not shown why Plaintiff's complaint cannot be amended to cure the alleged defect.

In sum, having relied on the wrong legal authority, Defendants' misjoinder argument fails.

**II. Group III Defendants' Personal Jurisdiction Argument Also Fails.**

Defendants argue that Plaintiff Patent Owner fails to *plead* personal jurisdiction in the Complaint. Defendants insist that jurisdictional allegations must be stated specifically as to each defendant, one by one. Neither is correct.

First, paragraphs 40-45 of the Complaint plead the Court's personal jurisdiction both under the Constitution and Pennsylvania's long-arm statute. Specifically, the Complaint alleges that "*each* Defendant has *purposefully availed themselves* of the privilege of conducting business in the forum state or purpo*sefully directed their patent infringement activities at the state*."

On this record, it is incorrect to state that Plaintiff Patent Owner's Complaint fails to *plead* personal jurisdiction.

**III. Group III Defendants' Non-Infringement and Functional Arguments Rely on the Wrong Legal Standard.**

Comparing individual components of two designs in isolation to determine infringement has been consistently rejected by the Federal Circuit. Indeed, courts must analyze the claimed design as a whole, not "separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc., 796 F.3d 1312, 1335 (Fed. Cir. 2015).*

"The trial court … must not convert the overall infringement test to an element-by-element comparison." *Amini Innovation Corp. v. Anthony California, Inc., 439 F.3d 1365, 1372*

*(Fed. Cir. 2006); see also Crocs, Inc. v. Int'l Trade Comm'n, 598 F.3d 1294, 1306 (Fed. Cir. 2010)* (considering whether a shoe design had been infringed based upon how the ornamental elements changed the "overall effects of the design").

"Minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Crocs, 598 F.3d at 1303.*

Here, when compared as a whole, as they must, Defendants' accused products have substantially similar designs to Plaintiff's patented design.

| | | | |
|---|---|---|---|
|  |  |  |  |
| ***Defendant No. 17*** | ***Defendant No. 20*** | ***Defendant No. 16*** | ***Plaintiff's Patented Design*** |

## IV. Group III Defendants' No-Irreparable-Harm Argument Is Wrong.

"[A] court ought not reward a business built on an infringing product by allowing that infringement to continue in the face of a proper application for preliminary relief." *Advanced Communication Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. Appx. 964, 984-85 (Fed. Cir. 2002). In the *Advanced Communication Design* case, the Federal Circuit found in favor of preliminary injunction in a patent infringement case, despite claim that injunction would effectively put alleged infringer out of business. The Federal Circuit reasoned that preliminary injunction was favored because the patentee had lost business, goodwill, and sales opportunities, and it was possible that alleged infringer had already benefitted at patentee's expense.

Here, Group III Defendants fail to address any of these factors the Federal Circuit enumerated, but claim only that Plaintiff Patent Owner delayed in enforcing the patents-in-suit. Group III Defendants, however, offer no evidence that Plaintiff Patent Owner was aware of their infringing activity before this lawsuit. Second, Group III Defendants claim that freezing their Amazon account would not help Plaintiff Patent Owner recover loss in the event Group III Defendants are found liable. Most tellingly, Group III Defendants refuse to say whether they would transfer their assets outside the jurisdiction of this Court if the injunction is not imposed. Thus, absent an injunction, Plaintiff Patent Owner will practically have no chance of recovery against Group III Defendants.

**V. The Current Bond Suffices.**

A district court may "waive the requirement of an injunction bond" when "the court is satisfied that there's no danger that the opposing party will incur any damages from the injunction." *Habitat Educ. Ctr. v. United States Forest Serv.*, 607 F.3d 453, 458 (7th Cir. 2010). "The burden of establishing the bond amount rests with the party to be restrained, who is in the best position to determine the harm it will suffer from a wrongful restraint." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 911 (N.D. Ill. 2015)[1].

Here, Defendants offer no evidence whatsoever but assert without evidence that the current bond is inadequate. Defendants' baseless assertions should be rejected.

**D. CONCLUSION**

Like Defendant A'seem, Group III Defendants have also failed to rebut the statutory presumption that Plaintiff's patented design is valid by clear and convincing evidence; the Court should thus issue a preliminary injunction against Group III Defendants.

[1] Collecting cases: *In re President Casinos, Inc.*, 360 B.R. 262, 266 (B.A.P. 8th Cir. 2007); *APR Energy, LLC v. First Inv. Grp. Corp.*, No. 3:14-CV-575-J-34JBT, 88 F. Supp. 3d 1300, 2015 U.S. Dist. LEXIS 20524, 2015 WL 736275, at *17 (M.D. Fla. Feb. 20, 2015); *Philips Electronics N. Am. Corp. v. Hope*, 631 F.Supp.2d 705, 724 n. 14 (M.D.N.C.2009); *Int'l Equity Investments, Inc. v. Opportunity Equity Partners Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006), *aff'd*, 246 Fed. App'x 73 (2d Cir. 2007).

Date: November 10, 2026

Respectfully submitted,

*/s/ Zheng "Andy" Liu*
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Zheng "Andy" Liu*
Zheng "Andy" Liu