**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JIANGCHUAN LIU,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-01516-MJH

**CONSOLIDATED REPLY TO DEFENDANTS 3, 9, AND 18'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

## A. INTRODUCTION

For clarity, the following defendants (collectively, "Group II Defendants") filed, on different dates, their opposition papers at the following docket numbers:

| Dkt. | Defendant | Filed |
|---|---|---|
| 37 | Choezon Direct, Defendant No. 3 | October 27, 2026 |
| 43 | Urban Deco, Defendant No. 9 | November 2, 2026 |
| 37 | ZZM Direct, Defendant No. 18 | October 27, 2026 |

## B. THE SIDE-BY-SIDE COMPARISONS

A side-by-side comparison of Plaintiff's patented design and the accused products

is shown below.

| *Plaintiff's patented design* | *The accused products* | *Defendant No.* |
|---|---|---|
|  |  | *Defendant 3* |

| | | |
|---|---|---|
|  |  | ***Defendant 9*** |
|  |  | ***Defendant 18*** |

## C. THE *CORRECT* LEGAL STANDARD

As required by 35 U.S.C. § 282, "[d]esign patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020).

"*The correct standard for granting a preliminary injunction is* not whether a substantial question has been raised, but *whether the patentee is likely to succeed on the merits, upon application of the standards of proof that will prevail at trial*. The question is not whether the patent is vulnerable; *the question is who is likely to prevail in the end*, considered with equitable factors that relate to whether the status quo should or should not be preserved while the trial is ongoing." *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1364 (Fed. Cir. 2008) (emphasis added).

"Precedent is clear that the standard is the likelihood of success of the plaintiff at trial, *with recognition of the presumptions and burdens." Id.* (citing *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005); *Ranbaxy Pharms., Inc. v. Apotex, Inc.*, 350 F.3d 1235, 1239 (Fed. Cir. 2003); *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994); *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1579 (Fed. Cir. 1983)).

## D. DISCUSSION

### I. Group II Defendants Misstate the Legal Standard.

Unfairly shifting the burden of proof to Plaintiff Patent Owner, Group II

Defendants argue that "the substantial question of patent validity" standard applies. (Opp. at 4.) This is simply the wrong law.

The Federal Circuit has expressly held that "the statutory presumption of patent validity must be applied at the preliminary injunction stage." "The question is not whether the patent is vulnerable; *the question is who is likely to prevail in the end*, considered with equitable factors that relate to whether the status quo should or should not be preserved while the trial is ongoing,"—"with *recognition of the presumptions and burdens." Abbott Labs.*, 544 F.3d at 1364.

Here, the Court should disregard the wrong standard argued by Group II Defendants, and should instead presume that the patent-in-suit is valid (as required by 35 U.S.C. § 282), unless Group II Defendants can prove patent invalidity by clear and convincing evidence.

**II.Group II Defendants' Anticipation Argument Fails.**

"'Anticipation' means that the claimed invention was previously known, and that all of the elements and limitations of the claim are described in a single prior art reference." *(Hakim v. Cannon Avent Group, PLC* (Fed. Cir. 2007) 479 F.3d 1313, 1319); *see Akzo N.V. v. U.S. Int'l Trade Comm'n,* 808 F.2d 1471, 1479 (Fed. Cir. 1986) ("Under 35 U.S.C. § 102, anticipation requires that each and every element of the claimed invention be disclosed in a prior art reference.").

As shown below, neither reference shows the highlighted portion of Plaintiff's

Patented Design. Thus, Group II Defendants' anticipation argument is simply incorrect.

<table>
<tr><td></td><td rowspan="4"><br>Plaintiff's Patented Design</td></tr>
<tr><td>The YouTube Video</td></tr>
<tr><td></td></tr>
<tr><td>CN '922 reference</td></tr>
</table>

Further, to the extent that Group II Defendants argue that the CN '922 reference

renders Plaintiff's patented design obvious, they are also incorrect. The CN '922 reference teaches curved horizontal support bars, while Plaintiff's design shows straight horizontal support bars.

| | |
|---|---|
|  |  |
| *CN '922 reference* | ***Plaintiff's Patented Design*** |

In sum, Group II Defendants' anticipation argument fails.

**III.Group II Defendants' Obviousness Argument Also Fails.**

| | | | |
|---|---|---|---|
|  |  |  |  |
| *KR '794* | *CN '805* | *CN '922* | ***Plaintiff's Patented Design*** |

As a threshold matter, Group II Defendants concede that CN ’922 differs from Plaintiff’s patented designs in multiple ways. Dkt. 38 at 5 (last paragraph) to 6. Thus, Group II Defendants’ anticipation arguments are disingenuous. A reference cannot both anticipate a patented design (as Group II Defendants argued earlier) and differ from the same patented design (as Group II Defendants argue now).

***Next***, Group II Defendants boldly assert that the differences between CN ’922 and Plaintiff’s patented designs are somehow disclosed by KR ’794 and CN ’805. But as shown above, neither KR ’794, nor CN ’805, nor CN ’922 shows an *elevated and straight* horizontal support bar.

***Moreover,*** Group II Defendants’ proposed combination and modification would render the prior technology unsatisfactory for their purposes. *In re Gordon*, 733 F.2d 900 (Fed. Cir. 1984) (holding that there may be no suggestion or motivation to combine, if a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose).

In *Gordon*, the claimed device was a blood filter, where (1) both the inlet and outlet for the blood were located at the bottom end of the filter assembly, and (2) a gas vent was present at the top of the filter assembly.

The prior art reference taught a liquid strainer for removing dirt and water from gasoline and other light oils using gravity, where (i) the inlet and outlet were at the top of the device, and where (ii) a stopcock was located at the bottom of the device for removing

dirt and water. The Federal Circuit held that the claimed design is not obvious, because if the prior art device were turned upside down it would be inoperable for its intended purpose: the gasoline to be filtered would be trapped at the top, the water and heavier oils sought to be separated would flow out of the outlet instead of the purified gasoline, and the screen would become clogged.

Here, both KR ’794 and CN ’805 disclose stationary support grids having hollow triangle-shaped but heavy in weight support bases, while CN ’922 discloses a lightweight mobile base piece with a solid triangle-shaped support. Combining KR ’794 and CN ’805 with CN ’922 produces a base piece that is both heavyweight and lightweight, both mobile and stationary, and both hollow and solid. Such a combination is simply infeasible.

| | | | |
|---|---|---|---|
|  |  |  |  |
| ***KR ’794*** | ***CN ’805*** | ***CN ’922*** | ***Plaintiff’s Patented Design*** |

## IV. Group II Defendants' Non-Infringement Argument Fares No Better.

Group II Defendants' non-infringement argument mischaracterizes Plaintiff's '187 Patent. As Defendants themselves acknowledge, dotted lines form no part of Plaintiff's patented design shown in the '187 Patent.



***Plaintiff's Patented Design as shown in the '187 Patent.***

Defendants argue that their accused products differ because those products have either "an arched wood header panel" (Dkt. 38 at 7, the first complete paragraph, line 2) or "three horizonal rods joined by round connectors" (*id.*, lines 5-6), or "posts are not short stubs" with "two separate one-foot gridwall panels" (Dkt. 44 at 6, the second complete paragraph, line 2).

None of these features described by Defendants, however, formed any part of Plaintiff's patented design as shown in the '187 Patent. Group II Defendants' non-infringement argument is simply wrong.

| *Plaintiff's patented design* | *The accused products* | *Defendant No.* |
|---|---|---|
|  |  | *Defendant 3* |
|  |  | *Defendant 9* |

| | | |
|---|---|---|
|  |  | ***Defendant 18*** |

## V. Group II Defendants' No-Irreparable-Harm Argument Relies On The Wrong Legal Authority.

Group II Defendants' reliance on a non-published and thus non-precedential opinion is patently misplaced.

The precedential decisions by the Federal Circuit state that "a court ought not reward a business built on an infringing product by allowing that infringement to continue in the face of a proper application for preliminary relief." *Advanced Communication Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. Appx. 964, 984-85 (Fed. Cir. 2002). In the *Advanced Communication Design* case, the Federal Circuit found in favor of preliminary injunction in a patent infringement case, despite a claim that an injunction would effectively put the

alleged infringer out of business. The Federal Circuit reasoned that preliminary injunction was favored because the patentee had lost business, goodwill, and sales opportunities, and it was possible that the alleged infringer had already benefitted at the patentee's expense.

Here, Group II Defendants fail to address any of these factors the Federal Circuit enumerated, but claim only that Plaintiff Patent Owner delayed in enforcing the patents-in-suit. Group II Defendants, however, offer no evidence that Plaintiff Patent Owner was aware of their infringing activity before this lawsuit. Second, Group II Defendants claim that freezing their Amazon account would not help Plaintiff Patent Owner recover loss in the event Group II Defendants are found liable. Most tellingly, Group II Defendants refuse to say whether they would transfer their assets outside the jurisdiction of this Court if the injunction is not imposed. Thus, absent an injunction, Plaintiff Patent Owner will practically have no chance of recovery against Group II Defendants.

Next, the public interest "favor[s] the enforcement of patent rights to promote the encouragement of investment-based risk." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 735 F.3d 1352, 1371 (Fed. Cir. 2013). Group II Defendants offer nothing showing how continuing infringing activity would promote public interest.

## E. CONCLUSION

Like Defendant A'seem, Group II Defendants have also failed to rebut the statutory presumption that Plaintiff's patented design is valid by clear and convincing evidence; the Court should thus issue a preliminary injunction against Group II Defendants.

Date: November 10, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu

Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu